1840.

Cassilear
v.
Simons.

CASSILEAR & FIELD *vs.* SIMONS and others.

A defendant in a creditor's bill is not in contempt for neglecting to deliver over property to the receiver, where such property is claimed to be in the possession of and to belong to a third person, unless the master has decided that such property belongs to and is under the control of the defendant.

Where the defendant is directed to assign and deliver over his property to a receiver, under the direction of a master, if the complainant wishes to have an actual delivery of property which he supposes to belong to the defendant, but which the latter insists belongs to another person, he must apply to the master to decide what property is under the defendant's control, and to make an order directing the defendant to deliver over the property which shall be decided to be under his control; before he can bring such defendant into contempt for disobedience of the order of the court.

If goods of the judgment debtor have been fraudulently assigned, and the fraudulent assignee is made a party to the suit in chancery against such debtor, and is irresponsible, the proper course, where such assignee claims to be in possession of the property, is to have the receivership extended to him; and to obtain an order that he, as well as the judgment debtor, deliver over the property in controversy to the receiver.

THIS was an appeal from an order of the vice chancellor April 7. of the first circuit denying an application for an attachment against the defendant Vaughan for refusing to deliver over a store of goods to the receiver; or for an order directing him to deliver up the property to the receiver.

*C. Bushnell,* for appellants.

*B. G. Hitchings,* for respondents.

THE CHANCELLOR. The master not having decided that the defendant had such a possession and control of the property as to entitle the receiver to a delivery thereof without the consent of Baucher, who claims to be the owner in possession, the defendant Vaughan was not in contempt. Where it is referred to a master to appoint a receiver, and the defendant is directed to assign and deliver

over his property on oath, under the direction of the master, it is the duty of the party who wishes to have an actual delivery of the property, in addition to the legal assignment thereof, to call upon the master to decide the question as to what property is under the defendant's power and control, and to obtain from the master an order directing the defendant to deliver over the property thus designated by the master ; before the complainant can bring such defendant into contempt for disobeying the order of the court. Especially must the complainant do so where the defendant alleges that the possession is in another person.

In this case that course should have been adopted, so as to give the defendant Vaughan an opportunity to produce witnesses, before the master, for the purpose of showing that the store of goods was not in his possession or under his legal control, if the fact was so ; and also to enable him to appeal to the court from the master's decision if it ·was wrong. Or, what would have been a more proper application in the present case, if the alleged assignee of the goods was insolvent or irresponsible, and the assignment was fraudulent, the complainants should have applied to extend the receivership to him, and for an order that-he should deliver over the goods in the store to the receiver. Upon the application which was made to the vice chancellor, Vaughan was unquestionably authorized to use affidavits to show he was not in contempt in not delivering over this property ; which he had no right to deliver without the consent of Baucher.

The vice chancellor certainly could not, in the face of these affidavits, pronounce this to be such a clear case of fraud as to entitle the complainants to extend the receivership to Baucher, upon the ex parte examination of Vaughan to which Baucher was not a party ; and where the property was not in jeopardy from the irresponsibility of the one who swears he is the legal owner, and in whose actual custody it now is. Whether Baucher was intended to be made a party to the petition does not distinctly ap-

pear. For the notice of presenting it, on the copy with which I am furnished, is not directed to any body ; and there is no affidavit showing upon whom that notice was served. However that may have been, I am satisfied the decision of the vice chancellor was right both as to Baucher and Vaughan. The order appealed from must therefore be affirmed with costs.