Davies v. Davies.

I think that there can be no question but what the husband or wife can go each other's bond ; in the case of the wife, if she has a separate estate ; and the decision of Judge LAWRENCE should be disregarded.

## DAVIES v. DAVIES.

*N. Y. Supreme Court, First District, Chambers ; January, 1888.*

*Reference in proceedings for contempt.*] Where, upon motion to punish for contempt in refusing to deliver property to a receiver upon his demand, the court is unable to determine from the affidavits made for and against the motion, whether the property actually demanded was that to which the receiver was entitled, a reference will be ordered to ascertain and report the facts relating to the demand, for the further information of the court.*

Motion to punish defendant for contempt for refusing to deliver property on demand to a receiver of a partnership appointed in an action by the executors of a deceased partner against the surviving partner for an accounting, etc.

Further facts appear in the opinion.

*Gray & Davenport,* for the receiver and the motion.

---

* Compare Central Trust Co. *v.* N. Y. City & Northern R. R. Co. 18 *Abb. N. C.* 381 ; modifying *Id.* 64 (reference ordered in foreclosure of railroad mortgage, upon issues of fraud, consideration paid for bonds secured, who are *bona fide* holders, etc.); Kelly *v.* Charlier, 18 *Abb. N. C.* 416 (reference as to whether injunction against removal of fixtures from school building should be made permanent, modified, or wholly vacated); People *ex rel.* Delmar *v.* St. Louis, &c. Ry. Co., 19 *Abb. N. C.* 1 (reference on application for madamus to compel exhibition of stock-books of corporation. See, also, note on reference of part of the issues, 18 *Abb. N. C.* 418. And see People *ex rel.* Harriman *v.* Paton, *post,* p. 172.

*Shearman & Sterling,* for the defendant, opposed.

LAWRENCE, J.—The defendant is ordered to show cause why he should not be punished for a contempt of court for refusing to deliver to the receiver herein the possession of the property described in and which was committed to the custody of the said receiver by the order of this court, entered herein on November 23, 1887, or for such other or further relief as to the court, the premises being considered, may seem proper.

To put the defendant in contempt, it must appear that he has refused to do, upon proper demand for that purpose, the act or thing required by the order in question to be done by him. Upon this point there is a conflict between the parties, the defendant claiming that the receiver demanded of him not only the property directed to be surrendered by the order in question, but also other property not embraced within the terms of that order.

It was long ago held by the Chancellor in the case of Cassilear *v.* Simons, (8 *Paige,* 273) and Parker *v.* Browning (*Id.* 388) that a receiver is under no obligation to attempt to take property from the possession of a third person, or even from the defendant himself, by force, without an express order of the court directing him to do so, and that under the old chancery practice the receiver should call upon the master to decide what property, legal or equitable, belonging to the defendant, and to which the receiver is entitled, under the order of the court, is in the possession of the defendant, or under his power or control. The substitute for the proceeding before the master, under our practice, is a proceeding before a referee, and I confess that after reading the affidavits in relation to the demand said to have been made by the receiver upon the defendant Robert K. Davies, I find it impossible to determine specifically whether the property actually demanded was that to which the receiver was entitled. There is a conflict as to the precise

terms of the demand, and before adjudging that the defendant is in contempt, there must be further informa-tion given to the court to enable it to form a judgment upon that point (People *ex rel.* Alexander *v.* Alexander, 5 *Supm. Ct.* [*T. & C.*] 297).

An order of reference will therefore be entered to Elliot Sandford, Esq., to ascertain and report what goods were in the possession of the defendant at the time of the demand, what the demand was which was made by the receiver upon the defendant Davies, and generally as to the facts and circumstances relating to the demand made by the receiver upon the defendant. The said reference will proceed on two days' notice and be con-tinued from day to day until finished, unless otherwise directed by the referee in the exercise of his discretion.