### In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. INTOXICATING LIQUORS—REVOCATION OF CERTIFICATE—PRACTICE—REFERENCE.

Liquor Tax Law, § 28, subd. 2 (Laws 1896, p. 69, c. 112), as amended by Laws 1903, p. 1125, c. 486, provides that, on the presentation of a petition for the revocation of a liquor tax certificate, the court shall grant an order requiring the holder to show cause, and that on the return day the court shall grant an order revoking the certificate, unless the holder thereof shall present an answer denying every violation of the law alleged in the petition, in which event the court may appoint a referee to take proofs. Code Civ. Proc. § 1015, provides that the court may on its own motion direct a reference, where it is necessary for the information of the court. Held that, in view of section 1015, and the inherent power of the court, on the return day of an order to show cause why a liquor tax certificate should not be revoked the court has authority to order a reference, although the respondent fails to appear.

Jenks, J., dissenting.

Appeal from Special Term, Kings County.

Petition of Patrick W. Cullinan, as State Commissioner of Excise, for an order revoking and canceling the liquor tax certificate of Emma L. Watson. From an order denying a motion to revoke an order of reference, and from a final order of cancellation and revocation, the certificate holder appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Alexander H. Geismar, for appellant.
Herbert H. Kellogg, for respondent.

HOOKER, J. This is an appeal by the certificate holder, Emma L. Watson, from an order denying a motion to vacate and set aside an order of reference granted in the proceeding upon the return of the order to show cause, made upon the presentation of a verified petition of the Commissioner of Excise, demanding a revocation of appellant's liquor tax certificate. The petitioner alleged that he was the duly appointed, qualified, and acting State Commissioner of Excise, and, upon information and belief, that on the 30th day of April, 1903, there was presented to the proper deputy commissioner of excise a verified application of the appellant for a liquor tax certificate, upon which was issued to her certificate No. 10,375, permitting her to traffic in

liquors at the place therein designated. The petitioner further alleged, upon information and belief, that on Sunday, the 2d day of August, 1903, the appellant, personally, and by her agents, servants, bartenders, and persons in charge of the premises at the place designated in the certificate, wrongfully and unlawfully committed several distinct violations of the liquor tax law, in illegally selling intoxicating liquors, and further alleged, upon information and belief, that there were two separate violations of the statute on Sunday, August 9, 1903. The petition also showed the source of the petitioner's information and the grounds of his belief as to the matters therein alleged upon information and belief to be the public records in the office of the State Commissioner of Excise and his special deputy, and the affidavits of Halsey and Rogers, attached to the petition, and made a part thereof, as if fully set forth therein. The record contains the affidavits of Halsey and Rogers, wherein the affiants swore, upon their positive knowledge, to the offenses mentioned in the petition. Upon the presentation of the latter, one of the justices of the Supreme Court made an order requiring the appellant to show cause why her liquor tax certificate should not be revoked and canceled. Upon the return of that order, no appearance was made on behalf of the certificate holder; and upon her default and the motion of the petitioner the Special Term ordered that the matter be referred to a referee to take proof in reference to the allegations in the petition, and report the evidence to the court, without opinion, with all convenient speed, and directed that any party to the proceeding might bring the same to a hearing before the referee by notice to the opposite party. Upon the initiative of the State Commissioner of Excise, proof was taken before the referee, which is not printed in this record. It is, however, stipulated between the parties that the evidence so taken before the referee was sufficient to justify the order of revocation entered thereupon. Pending the hearing before the referee the appellant appeared specially in the proceeding for the purpose of moving to set aside the order of reference granted on the 14th day of Setember, 1903, and thereafter, upon papers showing the status of the proceeding, moved to set aside the reference on the ground that, pursuant to the provisions of subdivision 2 of section 28 of the liquor tax law (chapter 112, p. 69, Laws 1896, as amended by chapter 486, p. 1125, Laws 1903), the Special Term of the Supreme Court was without power or justification to make an order of reference where the certificate holder did not appear upon the return of the order to show cause, and claimed that the proper procedure was for the court to have made a summary order, upon her default, forfeiting, revoking, and canceling the liquor tax certificate as a final order in the proceedings. On the 16th day of October, 1903, an order was entered denying the motion to set aside and revoke the order of reference, and from the order of October 16, 1903, and from the final order of cancellation and revocation, the certificate holder has appealed to this court.

Although the appellant did not appear on the motion which resulted in the final order, the commissioner expressly waives the question of her right to appeal from the final order. On the 28th day of October, 1903, the referee, having been attended by the attorney for the Com-

missioner of Excise and having taken proof, made his report. Later at Special Term, no one appearing on behalf of the appellant, and upon her default, and upon the reading and filing of all the papers, and the report of the referee, and the evidence annexed thereto, an order was entered revoking and canceling the certificate.

Subdivision 2 of section 28 of the liquor tax law as amended, supra, after providing for what offenses a liquor tax certificate may be revoked, and permitting a revocation to be accomplished in proceedings had at Special Term, instituted by a proper petitioner, goes on to say:

"Upon the presentation of the petition and such consent whenever necessary, the justice, judge or court shall grant an order requiring the holder of such certificate to show cause before him, or before a Special Term of the Supreme Court of the judicial district, on a day specified therein, not more than ten days after the granting thereof, why an order revoking and cancelling such liquor tax certificate should not be granted; and said order shall also contain an injunction restraining the said certificate holder from transferring or surrendering said certificate for rebate, except as is hereinafter provided, until the final determination of the proceeding. A copy of such petition and order shall be served upon the holder of such certificate, and the officer issuing the same, or his successor in office, and upon the State Commissioner of Excise, in the manner directed by such order, not less than five days before the return day thereof. On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file an answer to said petition, which answer denies each and every violation of the liquor tax law alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proofs in relation thereto, and report the evidence to such justice, judge or court, without opinion."

The balance of subdivision 2 of section 28 is devoted to provisions which do not seem to be germane to the questions involved upon this appeal.

The exact question and the only one which is presented for our consideration by the record before us is as to the power of the court at Special Term, upon the nonappearance of the certificate holder on the return of the order to show cause, based upon the original petition, to order a reference to take proof and report without opinion; it being contended by the appellant that such an order is void, and that the only course open to the Special Term under such circumstances is defined in the statute we have quoted, and is to make a summary order revoking and canceling the certificate.

The Commissioner of Excise defends the order appealed from on the ground that the subdivision of the section is not to be construed as mandatory to the extent of depriving the court of its inherent power to order a reference upon motion, or upon a hearing in a proceeding of this general character, to obtain further advice in relation to the facts set forth in the moving papers; and in this view we are impelled to concur. The procedure in Matter of Cullinan (Neus Certificate) 41 Misc. Rep. 392, 84 N. Y. Supp. 1075, was similar to that employed in this case upon the return of the order to show cause. The certificate holder being in default, the court at Special Term ordered a reference to take proof, and directed that a motion for a final order

come on to be heard thereafter upon notice. Upon appeal to the Appellate Division in the First Department, the order was affirmed without opinion. 85 N. Y. Supp. 1129. The affirmance being without opinion, we are not advised whether the exact question raised by the appeal here was argued or passed upon by that court, but the sustaining of the order made in the Neus Case, supra, seems to indicate that the Appellate Division in that department holds the view that the language of the subdivision under review is insufficient to deprive the court of its inherent power to order a reference. It has been the practice of the Supreme Court to direct a reference for the purpose of taking evidence to aid it in disposing of motions and special proceedings for many years. One of the earliest cases upon this subject is that of Dwight v. St. John, 25 N. Y. 203, in which it was held that, outside the provisions of the Code of Procedure, the court always had the right to refer to take proofs upon matters upon which it desired fuller information, before proceeding. In Matter of Bohm, 4 Hun, 558 (a proceeding to vacate an assessment), in People ex rel. Del Mar v. St. Louis, etc., Ry. Co., 44 Hun, 552 (a mandamus proceeding), and in Martin v. Hodges, 45 Hun, 38 (a motion to open a default), similar procedure was indulged, and it was held that this power was inherent in the court. Section 1015 of the Code of Civil Procedure, which incorporates the provision of subdivision 3 of section 271 of the Code of Procedure, is broad in its terms, confirms the inherent power in the court, and endows it with statutory authority. That section reads as follows:

"The court may likewise, of its own motion, or upon the application of either party, without the consent of the other, direct a reference to take an account, and report to the court thereon, either with or without the testimony, * * * or where it is necessary to do so, for the information of the court."

In view of the ancient practice of the court to order references when deemed necessary, the inherent power to do so, which it has been frequently held it possessed, and the broad and comprehensive terms of section 1015 of the Code of Civil Procedure, we are unable to say that the Legislature intended, in the enactment of subdivision 2 of section 28 of the liquor tax law, to deprive the court, in proceedings of this character, of the power it has always possessed in motions and other similar proceedings. It is true that the language of the section seems to indicate that the justice, court, or judge before whom the order to show cause is returnable shall make an order revoking and canceling a certificate, unless its holder presents an answer which raises a material issue. This language is not so far mandatory as to deprive the court of the privilege of taking proof, either itself or by reference, of the facts alleged in the petition; nor is the language framed with the intent of curtailing the power to refer. An enactment of the Legislature will not be construed as modifying the time-honored customs and powers of the court, in the absence of explicit provision to that effect therein.

The court was not without jurisdiction in granting the order of reference, or in making the order revoking and canceling the certificate upon the coming in of the referee's report; and the orders appealed from should therefore be affirmed, with costs. All concur, except JENKS, J., who dissents.