(97 App. Div. 122.)

In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. July 28. 1904.)

1. LIQUOR TAX CERTIFICATE—REVOCATION—ORDER OF REFERENCE—VALIDITY.

Liquor Tax Law, § 28, subd. 2 (Laws 1896, p. 69, c. 112, amended by Laws 1897, p. 229, c. 312), relating to the cancellation of liquor tax certificates, provided that, on the return day specified in the order to show cause, the court might hear the proofs, or a referee be appointed for that purpose, and that if the court was satisfied that material statements were false, or that the holder of the certificate was not entitled to hold it, an order might be made canceling the certificate. Laws 1900, p. 863, c. 367, amending section 28, subd. 2, so as to provide that unless the holder of the certificate filed a verified answer to the petition in a proceeding for its revocation, denying every alleged violation, and raising an issue as to any of the facts material to the granting of the order, the judge before whom the proceeding was had should order cancellation of the certificate, was declared unconstitutional. Held, that as the amendment did not touch the provision of the original statute that the court might hear the proofs, or appoint a referee for that purpose, but attempted to dispense with that procedure unless the holder presented and filed a verified answer raising an issue, the unconstitutionality of the amendment did not affect the validity of the original act, and hence an order of reference in such proceeding was proper.

2. SAME.

The court has inherent power to order a reference in a proceeding to revoke and cancel a liquor tax certificate.

Appeal from Special Term, Kings County.

Applications by Patrick W. Cullinan, as State Commissioner of Excise, for orders revoking and canceling liquor tax certificates of Joe Kray and others. From orders of reference and orders of revocation and cancellation, Kray and six other certificate holders. appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Uriah W. Tompkins, for appellant.
Herbert H. Kellogg, for respondent.

JENKS, J. The proceeding to revoke and to cancel a liquor tax certificate was begun by an order to show cause granted on October 28, 1902. The holder refused either to appear or to file answer, but moved to dismiss on the unconstitutionality of section 28, subd. 2, of the liquor tax law (Laws 1896, p. 69, c. 112, amended by Laws 1897, p. 229, c. 312). The Special Term, upon the moving papers, revoked and canceled the certificate. We reversed the order, but remitted the proceeding to the Special Term for further action in accordance with the law. Matter of Cullinan, Kray Certificate, 82 App. Div. 445, 81 N. Y. Supp. 567. The Special Term, upon the remittitur, and upon notice to the attorney appearing specially for the holder, and hearing him in opposition, made an order of reference for proof of the allegations of the petition and a report. After the filing of the referee's report, and proof of notice to the said attorney of the hearing before the referee, of the filing of his report and the evidence, and of notice of the motion, the Special Term made an order revoking and canceling the certificate. The holder appeals both from the order of reference and from the order of revocation and cancellation.

Section 28 of chapter 112, p. 69, of the Laws of 1896, provided that on the return day specified in the order the justice or court should hear the proofs; that testimony might be taken, or a referee might be appointed for that purpose; and that if the justice or court was satisfied that the material statements were false, or that "the holder of such certificate is not entitled to hold such certificate," an order should be granted revoking and canceling it. Chapter 312, p. 229, of the Laws of 1897, amended section 28, but not in respect to this part of the procedure; but chapter 367, p. 863, of the Laws of 1900, amended subdivision 2 of said section 28 so that it reads:

"On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file a verified answer to said petition, which answer raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proof in relation thereto, and report the evidence to such justice, judge or court."

Our judgment reported in 82 App. Div. 445, 81 N. Y. Supp. 567, is based upon the proposition that the Legislature could not dispense with the necessary allegations and proof of the facts of the offense by enacting virtually that no proof need be made by the state unless the alleged violator denied the charge under oath. The Legislature, by the amendment of 1900, did not touch the provision in the original statute that the judge or court should hear the proofs of the parties, or, if deemed necessary or proper, take testimony or appoint a reference for that purpose, but attempted to dispense with such procedure unless the holder presented and filed a verified answer raising an issue. Legislative dispensation with procedure under specified circumstances is not a general legislative repeal thereof. Sutherland on Statutory Construction (section 133) says: "The portions of the amended sections which are merely copied without change are not to

be considered as repealed and again enacted, but to have been the law all along." He cited, inter alia, Ely v. Holton, 15 N. Y. 595; and, indeed, his text is substantially that of Denio, C. J., in that case. See, too, Matter of Estate of Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713. But we are not considering a legislative act of a repeal of procedure, either express or implied, but a legislative dispensation of that procedure in certain cases, which the court has pronounced unconstitutional. Endlich on Statutes lays down the rule: "And an unconstitutional amendment cannot have the effect of repealing by. mere implication the original act." The reason is that, as the amendment itself is void, it cannot work a repeal. See Ex parte Davis (C. C.) 21 Fed. 396; Sullivan v. Adams, 3 Gray, 476, 478; Devoy v. Mayor, 35 Barb. 264. In any event, we have held in Re Cullinan (not yet officially reported) 87 N. Y. Supp. 817, that the court had inherent power to order a reference in such proceedings.

The orders must be affirmed, with costs and disbursements. All concur.