(109 App. Div. 195)

In re LAWSON.

(Supreme Court, Appellate Division, First Department. November 24, 1905.)

INTOXICATING LIQUORS—PROCEEDINGS TO CANCEL TAX CERTIFICATE—APPOINT-
    MENT OF REFEREE TO TAKE PROOF.
    Laws 1896, p. 69, c. 112, § 28, subd. 2, as amended by Laws 1903, p.
    1125, c. 486, provides that in proceedings to cancel a liquor tax certif-
    icate, if an answer is filed raising an issue as to material facts, "the
    court shall hear proofs, * * * or appoint a referee to take proof * * *
    and report the evidence." By Laws 1905, p. 1737, c. 680, subd. 3, this
    section was amended by striking out the provision as to the appointment
    of a referee to take proof. Held, that in such proceedings courts still
    have power to appoint a referee under Code Civ. Proc. § 1015, which
    provides that the court "may * * * direct a reference * * *
    where it is necessary to do so for the information of the court; and
    also to determine and report upon a question of fact arising in any
    stage of the action upon a motion or otherwise, except upon the pleading."
    Patterson and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Petition of Judson Lawson for an order revoking and canceling
a liquor tax certificate issued to John P. Williams. From an order
appointing a referee to take proof of the matters alleged, J. P.
Williams appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

John Macgregor, for appellant.
Wm. S. Bennet, for petitioner respondent.
Herbert H. Kellogg, for State Commissioner of Excise.

INGRAHAM, J. The petitioner presented a petition to the Su-
preme Court, asking that a liquor tax certificate issued to one John
P. Williams be canceled, upon the ground that the statements made
in the application for the liquor tax certificate were false, and that
the consents required by section 17 of the Liquor Tax Law, Laws
1896, p. 59, c. 112, were not properly filed, as required by said section,
and obtained an order requiring the holder of the liquor tax certifi-
cate upon a day named to show cause why such liquor tax certificate
should not be revoked and canceled. Upon the return day the
holder of the certificate filed an answer denying certain of the
material allegations in the petition. Whereupon, on motion of the
petitioner, the court appointed a referee to take proof of the matters
alleged in the petition and answer, and report the evidence to the
court, and from this order the holder of the liquor tax certificate
appeals.

Subdivision 2, § 28, of the Liquor Tax Law (chapter 112, p. 69, of the
Laws of 1896, as amended by chapter 486, p. 1125, of the Laws
of 1903), provides that, upon the day specified in the order to show
cause, the justice, judge, or court before whom the same is return-
able should grant an order revoking and canceling the liquor tax
certificate, unless the holder of said certificate should present and
file an answer to said petition which denies each and every violation
of the liquor tax law alleged in the petition, and raises an issue as

96 N.Y.S.—3                                                    ( )

to any of the facts material to the granting of such order; "in which event the said justice, judge or court shall hear the proofs of the parties, and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proof in relation thereto, and report the evidence to such justice, judge or court without opinion. By chapter 680, p. 1737, subd. 3, of the Laws of 1905, this section was amended so as to read as follows:

"On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and canceling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file an answer to said petition, which denies each and every violation of the liquor tax alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties in relation to the allegations of the petition or answer."

By this amendment there was stricken from the act the provision by which the court was authorized to appoint a referee to take the proof; and the question presented upon this appeal is whether, when an application is made to the Supreme Court, the court has any power when an answer to the petition is interposed to have the proof taken before a referee. Under the provisions of this statute, before the amendment of 1905, upon the return of the order to show cause, where no answer was interposed, it was held that the court had power to order a reference to take proof of the facts, although no such power was expressly given by the act. Matter of Cullinan, 93 App. Div. 540, 87 N. Y. Supp. 817, followed in this department in Matter of Cullinan, 94 App. Div. 619, 88 N. Y. Supp. 1095.

This is a special proceeding under section 3334 of the Code of Civil Procedure, and it must be controlled by the general rules established for the hearing and disposition of special proceedings. It is not an action, and the rules applicable to the taking of testimony in civil actions are not applicable. The situation was that a question of fact was presented, to be determined by the court in this special proceeding, where the court was directed by the statute to hear the proof of the parties in relation to the allegations in the petition and answer. It was the evident intent of this statute that there should be a summary disposition of the proceeding by the court upon proof to be taken. The question is, how was that proof to be taken? Must it be before the court, or may this proof be taken before a referee, so that upon the proof so taken the court can determine the question raised by the petition and answer?

Section 1015 of the Code of Civil Procedure provides that the court "may likewise of its own motion or upon the application of either party, without the consent of the other, direct a reference, * * * where it is necessary to do so, for the information of the court; and also to determine and report upon a question of fact arising in any stage of the action upon a motion or otherwise, except upon the pleading."

A consideration of these provisions would seem to show that it was the intention of the Legislature to give the court a discretion as to the method by which proof should be taken, when it was

required for the information of the court in any special or summary proceeding, where there was no express provision upon the subject. It has always been the practice of the Supreme Court to order a reference where the court had to dispose of a question of fact, except on the trial of an issue of fact arising upon the pleadings in a civil or criminal action. There is a large class of proceedings where the court is called upon to determine the facts, and it has always been the practice in those cases when the facts are disputed to take the proof before a referee. The referee in such case does not decide the questions of fact. He is an officer to take the proof, reduce it to writing, and report to the court, and upon such proof the court determines the question presented. Thus, it has been held that the court has the power to appoint a referee to take the evidence in a proceeding to vacate an assessment (Matter of Bohm, 4 Hun, 559); in a mandamus proceeding (People v. St. L. & San Fr. Ry. Co., 44 Hun, 552); and in a proceeding to punish for contempt (Davies v. Davies, 20 Abb. N. C. 170). In view of this constant practice, in the absence of any express provision by which its power is restricted, I think the court had power to require the proof to be taken before a referee.

Nor do I think that the fact that the provision allowing the judge or court to appoint a referee was stricken from the statute by the amendment of 1905 is an indication that it was the intention to compel the court to take this proof, and not to allow it to be taken by a referee. The present situation of the business of the courts in this department makes this a question of importance. The judicial force is so inadequate to perform the duties required of it, and the arrears are now so great, that it would be manifestly impossible to dispose of these applications in the summary manner in which the Legislature intended if they had to take their turn with the other judicial work. Unless the testimony in these proceedings can be taken before a referee, it is difficult to see how they can be disposed of. That the present condition of judicial work in this department was known to the Legislature when the amendment of 1905 was passed is apparent from the various reports that have been made in the endeavor to provide some remedy for the existing conditions, and it could not have been the intention of the Legislature to provide this summary method of disposing of these applications, when from the condition here existing it would have been absolutely impossible that they should be so disposed of, if the proof had to be taken in all cases before the court; and this conclusion is confirmed by the consideration that the court both in the First and Second Departments had held that the power existed, irrespective of the statute, as it existed prior to 1905, to refer questions of fact arising in these proceedings.

My conclusion is that the court below had power to direct the proof to be taken before a referee, and that the order should therefore be affirmed, with $10 costs and disbursements.

O'BRIEN, P. J., and LAUGHLIN, J., concur.

PATTERSON, J.   I dissent.   I think it is evident that the Legislature by the amendment of 1905 (Laws 1905, p. 1737, c. 680), eliminating from section 28 of the liquor tax law the provision which enabled a justice or judge or court to appoint a referee to take proof in a proceeding for the cancellation of a liquor tax certificate, is a legislative expression of an intent to withdraw from the court authority to appoint referees in such proceedings.   When a statute is amended so as to read "as follows," and, as thus amended, omits provisions of the amended law, the omission is to be regarded as a repeal of such provision.   Matter of Prime, 136 N. Y. 355, 32 N. E. 1091, 18 L. R. A. 713.

I am also of the opinion that the Legislature had authority to direct the method in which judicial proceedings under the liquor tax law should be conducted, and that in the exercise of such authority it did not encroach upon the power or jurisdiction of the Supreme Court, as such power and jurisdiction inhere in it under the Constitution of the state, and have been defined generally in the Code of Civil Procedure.   It never was a part of the general jurisdiction of the Supreme Court of the state of New York or of the Court of Chancery of the state of New York to regulate or revoke licenses. A liquor tax law is an enactment of the Legislature conferring rights upon certain persons, which rights are revocable under certain conditions.   Whether those conditions exist is a matter of judicial inquiry under the act, and not otherwise, and the Legislature has provided the manner in which that inquiry shall be conducted.   It has conferred the power to inquire, and the authority to revoke licenses after such inquiry, upon certain tribunals and judicial officers of the state, namely, a justice of the Supreme Court, or a Special Term of the Supreme Court, or a county judge, under varying circumstances. It has directed in detail the manner in which the inquiry shall be conducted, namely, by the presentation of a petition by the commissioner of excise, the deputy commissioner of excise, or any taxpayer of the village or town for which the liquor tax certificate was issued.   It directs that notice of proceedings be given to parties; that an order to show cause be obtained; that the petition and order be served; that an answer be permitted; and then the method of inquiry into an issue framed is provided for.   The act also provides as follows:

"If the said evidence established any of the facts hereinbefore set forth as sufficient to revoke and cancel the certificate, an order shall be granted by said justice, judge or court revoking and canceling such certificate."

Here is an entirely new jurisdiction to adjudicate conferred upon courts and judicial officers.   So far as the Supreme Court of the state is concerned, the Legislature has full power to regulate proceedings under the liquor tax law.   By section 3, art. 6, of the Constitution of the state, it is provided that the Legislature shall have the same power to alter and regulate proceedings at law and in equity that it has heretofore exercised.   Statutes have frequently been passed by the Legislature concerning the appointment of referees by judges or judicial officers, as is remarked by Vann, J., in the Matter of Davies, 168 N. Y. 110, 61 N. E. 118, 56 L. R. A. 855; and if the right to appoint may be conferred by the Legislature, it may be revoked by

it under its power to alter and regulate proceedings. The jurisdiction and the method of exercising it are conferred by one and the same act, and there is no question here of the general powers of the Supreme Court.

McLAUGHLIN, J., concurs.