## In re FABER.

(Supreme Court, Appellate Division, First Department. November 16, 1906.)

INTOXICATING LIQUORS—PROCEEDING TO CANCEL TAX CERTIFICATE—SURRENDER
—REBATE.

　　An order in an application for the cancellation of a liquor tax certificate directing a reference to take proof having been affirmed, a subsequent order discontinuing the proceeding and directing a surrender of the certificate will be reversed, where the record does not disclose whether the order was by consent, nor whether the respondent waived his right to rebate upon the surrender.

Appeal from Special Term, New York County.

Application of Henry E. Faber for an order canceling the liquor tax certificate granted to Louis Sasse. From an order discontinuing the proceeding and directing a surrender of the certificate, respondent appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward Miehling, for appellant.

William Barnes, for respondent Sasse.

Herbert H. Kellogg, for respondent state commissioner of excise.

PER CURIAM. Prior to the making of the order appealed from an order was made directing a reference to take proof and report to the court. An appeal from that order came on for hearing at the same term as the present appeal, and under the authority of Matter of Lawson, 109 App. Div. 195, 96 N. Y. Supp. 33, the order of reference has been affirmed. Subsequent to the making and the entry of the order of reference, and after the appeal had been taken therefrom, the petitioner moved to discontinue the proceedings without costs, and the order granting the discontinuance recites that it appeared that the holder of the liquor tax certificate intended to surrender it and directs that he surrender it for cancellation. The record does not show precisely what took place on the granting of this order, which is the one appealed from, and whether it was by consent or not, and the recitals do not disclose whether or not the holder agreed absolutely to surrender his certificate and waive his right to rebate, or whether he consented to the order of discontinuance on the understanding that he should be entitled to any legal rebate thereon. Subsequent to the hearing of this appeal, the court below amended the order by inserting after the words, "and it appearing that the intention of the respondent to surrender the liquor tax certificate," the words, "and the surrender thereof."

Whether or not the court had any power to direct the surrender of the certificate for cancellation, as it did in a subsequent provision of the order, without actual and unqualified consent, neither party should be embarrassed in his legal rights with respect to the rebate. It would seem that, although the holder of the certificate was willing to surrender it and terminate the proceeding, he expected to receive the rebate thereon. In view of the fact that the appeal from the order

of reference has come before us and been affirmed, the proceeding thus being still pending, we think the better disposition is to reverse the present order of discontinuance, without costs, and without prejudice to renewal. On the new motion, if one shall be made, the situation with respect to the discontinuance and its actual terms, if any, can be made clear. We pursue this course that the position of all parties may be clearly defined in any subsequent order that shall be made.

The order appealed from reversed, without costs, and with leave to renew.