PLANT v. HARRISON et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. WILL—PROBATE—TESTATOR'S DOMICILE—FRAMING ISSUE FOR JURY—APPLI-
    CATION—REFUSAL.
        Where the material issue in a suit to probate a will is as to the testa-
    tor's domicile, and the facts are not in dispute, but only the legal infer-
    ence to be drawn therefrom as to his change of domicile, and no great
    amount of testimony is likely to be introduced, the refusal of an applica-
    tion for the framing of an issue for a jury, made under Code Civ. Proc.
    § 971, providing that, where a party is not of right entitled to a jury trial,
    the court may, in its discretion, direct that issues of fact be tried by jury,
    is justifiable.
2. SAME—TRANSFER OF SECURITIES—IMMATERIAL ISSUES—JURY TRIAL—REFUS-
    AL OF APPLICATION.
        Where, in a suit to probate a will, the only material issue is as to the
    testator's domicile, it is proper to refuse to frame for trial by jury an
    issue as to whether defendants have removed certain securities of the
    estate from New York to Connecticut, such issue being immaterial in the
    absence of any allegation of fraud, since wherever the estate is adminis-
    tered, there the assets must be collected.

Appeal from special term, New York county.
Suit by Margaret J. Plant, individually and as trustee, etc., against
Lynde Harrison, George H. Tilley, and others, individually and as
trustees, etc., and Henry Bradley Plant, an infant. From an order
denying plaintiff's motion to frame issues to be tried by a jury, she
appeals. Affirmed.
Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN,
and INGRAHAM, JJ.

John E. Parsons, for appellant.
Lewis Cass Ledyard, for respondents.

INGRAHAM, J.   This action was brought in equity to probate a will of Henry Bradley Plant, deceased, and the main question of fact to be determined upon the trial is as to the domicile of the testator at the time of his death, the plaintiff alleging that he was a resident of the state of New York, and the defendants alleging that he was a resident of the state of Connecticut.   This being an action in equity, neither party is entitled as a matter of right to a trial by a jury, and whether or not an issue of fact shall be tried by a jury is discretionary.   Code, § 971.   That the court has power to send such an issue to a jury for trial is clear, and the only question that was presented to the court below was whether the trial of an issue of fact by a jury would tend to a more speedy and proper disposition of the case, or whether, from the nature of any issues of fact, it could be more advantageously disposed of by a jury than by a single judge trying the case at special term.   In this action the verdict of the jury would not be conclusive upon the court, as upon the application for a final judgment the court could disregard the finding of the jury, and find the facts from the evidence, irrespective of such a verdict; and in the condition of the calendars in New York it is hardly proper that cases in which the parties are not entitled to a jury trial as a matter of right should be sent to be tried by a jury, unless such a trial is essential for the proper administration of justice.   Now, the main—in fact, the only—substantial question of fact to be tried in this case is the question of the domicile of the testator.   That this decedent was, and had been for many years, a resident of the state of New York, is conceded.   Whether or not, in the last few weeks of his life, he changed his residence from New York to Connecticut, depends upon his intention, in connection with the actual fact of residence.   Cases in which courts have been disposed to send issues of fact to be tried by a jury are cases where the facts from which inferences are to be drawn are in dispute, rather than cases where it does not appear that the facts from which inferences are to be drawn are to be disputed.   There is nothing to show in this case that any particular fact or class of facts will be seriously disputed, or that the trial of this question of domicile will be difficult, or will involve the taking of much testimony.   From the nature of the issues presented, it would rather seem to be a question of the proper legal inference to be drawn from the acts and declarations of the testator during the last few weeks of his life.   There can be no question of the power of the court to direct this question to be tried by a jury at any time before a final decision of the court at special term.   The question now presented is whether the court, in denying the motion to send this issue to be tried by a jury, denied plaintiff any right to which he was entitled.   A denial of this motion would not prevent the court at the trial, if it wished the assistance of a jury upon any question of fact, from suspending the proceedings and directing such question to be sent to a jury; but nothing in the present record shows a necessity for imposing upon the parties the additional expense and delay incident to having a particular issue of fact tried by a jury, and the other questions disposed of at a separate trial at special term.   We think such a motion as this should not be granted

upon the application of a party to an action unless it appeared that the trial of some special issue of fact by a jury would be more satisfactory to the administration of justice in the particular case; and certainly, in the absence of any proof that any particular fact is likely to be seriously disputed, the court was justified in refusing to grant an application for such a trial. As to the other issues presented, it is clear that it would be improper to submit them to a jury for determination. Whether or not a large number of securities was removed from the state of New York to the state of Connecticut is entirely immaterial upon the main issue of fact in this case. If the testator was a resident of New York, and his will should be admitted to probate here, all of his securities would have to be brought here for administration. If, on the other hand, he was a resident of Connecticut, and his estate is to be administered there, it was quite proper that his estate should be taken there for that purpose. There is no allegation that these defendants, or any of them, were guilty of any fraud, or improperly disposed of the property of the testator.

Upon the whole case we think the court was justified in refusing this application of the plaintiff, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.