(88 App. Div. 549.)

## EVANS v. NATIONAL BROADWAY BANK.

(Supreme Court, Appellate Division, First Department.   December 11, 1903.)

1. EQUITY—TRIAL BY JURY—WHEN AWARDED.

Though Code Civ. Proc. § 971, provides that, where a party is not entitled to a jury trial as of right, the court may, in its discretion, direct that issues of fact be tried by a jury, the court, in view of the burdened condition of the jury calendar, should not send the issues in an equity case to a jury unless such trial is essential for the proper administration of justice.

2. SAME—SUIT TO SET ASIDE TRANSFER BY BANKRUPT.

In a suit by a trustee in bankruptcy to set aside, as fraudulent and as constituting a voidable preference, a transfer by the bankrupt, the court should not send the issues to the jury on the bare statement that a jury of business men are better qualified to pass on the questions presented, but should retain the case and make the order for a jury trial if, when presented for trial, it is necessary or desirable to have the jury settle the issues.

Appeal from Special Term, New York County.

Action by Samuel M. Evans, as trustee in bankruptcy of the estate of Samuel Jacobs, against the National Broadway Bank. From an order stating issues, and directing that the issues so stated be tried by a jury, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Henry W. Clark, for appellant.

Herbert R. Limburger, for respondent.

PER CURIAM. This action was brought by the plaintiff, as trustee in bankruptcy of the estate of Samuel Jacobs, to set aside an assignment to the defendant of accounts receivable aggregating about $47,000, made by the bankrupt before the adjudication in bankruptcy, as having been made in fraud of creditors, and as constituting voidable preferences, within the meaning of the bankrupt law. In the moving affidavits the plaintiff stated that the reason why the issues should be stated and tried by a jury was that:

"The questions involved in the issues proposed to be submitted to a jury are such as business men are accustomed to, and, by their business experiences, are peculiarly well fitted to determine. These issues are, briefly, that the assignments of the accounts, the insolvency of the bankrupt at the time of the assignment, the intent thereby to hinder, delay, or defraud the creditors of said bankrupt other than the defendant, whether the defendant was a purchaser of these accounts in good faith, and for a present, fair consideration, and the issue of preference to the defendant over the other creditors."

The questions of fact which the plaintiff wished to have thus submitted were, in brief, as follows: First. Did the bankrupt make an assignment of his accounts receivable to the defendant? Second. Was he at that time solvent or insolvent? Third. Was such assignment made with intent to hinder, delay, or defraud his other creditors? Fourth. Was the defendant a purchaser of said accounts, and were they transferred in good faith, and for a present, fair consideration? Fifth. Did said bankrupt, within four months prior to

the time of said assignment, make a transfer of any of his property to the defendant, the effect of the enforcement of which would be to enable the defendant to obtain a greater percentage of its debts than any other creditor of the same class as defendant? Sixth. If the last preceding question is answered in the affirmative, was the said bankrupt insolvent at the time he made such transfers, and was it made with intent to give a preference to the defendant over his other creditors of the same class, and did the defendant have reasonable cause to believe him insolvent at that time? The court below granted plaintiff's motion, and from the order entered thereon this appeal is taken.

The action is in equity, and therefore a trial by jury is not a matter of right, but the right to order it rests in the discretion of the court. Code Civ. Proc. § 971. This court has recently announced that:

"In the condition of the calendar in this judicial district, it is hardly proper that cases in which the parties are not entitled to a jury trial as a matter of right should be sent to be tried by a jury, unless such a trial is essential for the proper administration of justice." Plant v. Harrison, 52 App. Div. 434, 65 N. Y. Supp. 234.

In the proper administration of justice, a speedy determination of questions in controversy is essential and necessary. The burdened condition, therefore, of the jury calendar, is a substantial consideration in the determination of motions of this character, as the effect of granting the same is to postpone for a considerable period of time the determination of the controversy. The application, to be favorably considered, therefore, should present some exceptional features showing a necessity for such a course in the proper administration of justice. We do not think that this case presents any such exceptional features. The issues raised by the pleadings are not unusual, and are such as in ordinary course are tried and disposed of by the court sitting at Special Term, and little difficulty attends upon reaching a correct conclusion and doing substantial justice in disposition of the issues. Actions to set aside transfers as fraudulent, or issues where there is likely to be a conflict of evidence, would furnish a ground to apply for a jury trial in every case, and the same reasons might safely be assigned upon such application as have been assigned in the present case. When it is borne in mind that the power remains in the trial court at any time to send such issues to be disposed of by a jury upon its own motion, we think the trial court should retain the case, and if, when presented for trial, it is found either necessary or more desirable to have the jury settle the conflict, then to make the order; but the bare statement that a jury of business men are better qualified to pass upon the questions presented in these issues is not sufficient to send the issues to a jury. Such reason may be said to apply to nearly every equity case. For practical and satisfactory results, the present mode of trial by the judge is ample to protect the rights and do justice between the parties. We think, therefore, that this motion should not have been granted.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.