In the Matter of the Petition of MAYNARD N. CLEMENT, as State Commissioner of Excise, Respondent, for an Order Canceling Liquor Tax Certificate No. 23,186, Issued to J. N. HEGEMAN AND COMPANY, Appellant.

LIQUOR TAX LAW — PROCEEDINGS FOR REVOCATION OF CERTIFICATE — REFERENCE TO TAKE PROOFS UNAUTHORIZED — L. 1905, CH. 680. Upon the return of a petition and order to show cause in a proceeding for the revocation of a liquor tax certificate, instituted under subdivision 2 of section 28 of the Liquor Tax Law (L. 1896, ch. 112, as amd. L. 1905, ch. 680), where the answer to the petition has been filed, the Supreme Court at Special Term has no power to refer the matter to a referee to take the proofs and report the testimony to the court for its hearing and final determination. The power to refer having been omitted from the amendatory statute of 1905, the legislature must be assumed to have intended to change the practice in this regard.

Not reported below.

(Argued January 10, 1907; decided January 29, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1906, which affirmed an order of Special Term appointing a referee in the within proceeding.

This is a special proceeding, brought by the state commissioner of excise, under section 28, subdivision 2, of the Liquor Tax Law, to obtain an order revoking and cancelling a liquor tax certificate issued to J. N. Hegeman & Company. The ground of the proceeding, as stated in the petition, is an alleged violation of the Liquor Tax Law by J. N. Hegeman & Company, retail druggists in the borough of Manhattan, in the sale to an agent of the excise department of twelve bottles of a proprietary medicine known as "Peruna."

The proceeding was commenced by an order to show cause granted by a justice of the Supreme Court upon the petition of the state commissioner of excise and accompanying affidavits. On the return of the order to show cause, J. N. Hegeman & Company filed an answer denying each and every violation of the Liquor Tax Law alleged in the petition, and the court appointed a referee to take proofs in relation to the allegations of the petition and answer and report the evidence to the court with all convenient speed.

J. N. Hegeman & Company appealed from this order of reference to the Appellate Division, where the same was affirmed. Appeal from said order of affirmance was taken by permission of the Appellate Division and the following question certified to this court: "Has the Supreme Court at Special Term upon the return of a petition and order to show cause in a proceeding for the revocation of a liquor tax certificate, instituted under subdivision 2 of section 28 of the Liquor Tax Law, where the answer to the petition has been filed, power to refer the matter to a referee to take the proofs and report the testimony to the court for its hearing and final determination ?"

*W. L. Barnum* and *Edwin M. Wells* for appellant. The Supreme Court had no authority, under the Liquor Tax Law, to appoint a referee herein. (L. 1905, ch. 680; *Matter of Davis,* 168 N. Y. 110; *Matter of Prime,* 136 N. Y. 347; *Bank of Metropolis* v. *Faber,* 150 N. Y. 200; *Hartung* v. *People,* 22 N. Y. 995; *Smith* v. *People,* 47 N. Y. 338; *Mat-*

*ter of Lawson,* 109 App. Div. 199; *Matter of Rochester Water Comrs.,* 66 N. Y. 415; *People ex rel. Furman* v. *Clute,* 50 N. Y. 451; *People* v. *Kilbourne,* 68 N. Y. 479.) A liquor tax certificate is a property right, and the statute under which the holder may be deprived of it must be strictly pursued, and authority to order a reference in such a case must appear, either in the statute or some general legislative enactment. (*Matter of Lyman,* 160 N. Y. 96; *Matter of Peck,* 167 N. Y. 391; *Adams* v. *W., etc., Ry. Co.,* 10 N. Y. 328; *Matter of Water Comrs.,* 96 N. Y. 357; *Camp* v. *Ingersoll,* 86 N. Y. 433; *Doyle* v. *M. E. Ry. Co.,* 1 Misc. Rep. 376.)

*Herbert H. Kellogg* for respondent. The court has the power to order a reference in this proceeding even in the absence of express statutory language. (*Marshall* v. *Meech,* 51 N. Y. 140; *Dwight* v. *St. John,* 25 N. Y. 203; *Matter of Cullinan* v. *Watson,* 93 App. Div. 540; Code Civ. Pro. § 1015; *Matter of Cullinan* v. *Neus,* 41 Misc. Rep. 392; *Matter of Cullinan* v. *Babski,* 40 Misc. Rep. 583; *Matter of Cullinan* v. *Capdeville,* 94 App. Div. 619; *Matter of Cullinan* v. *Kray,* 181 N. Y. 527.) This power is well settled in special proceedings generally. (*Riley* v. *Brown,* 44 How. Pr. 429; *Marshall* v. *Meech,* 51 N. Y. 140; *Martin* v. *Hodges,* 45 Hun, 38; 2 Rumsey's Pr. [2d ed.] 412; *Davies* v. *Davies,* 20 Abb. [N. C.] 170; *People ex rel. Del Mar* v. *St. L. & S. F. Ry. Co.,* 44 Hun, 552; *Matter of Bohm,* 4 Hun, 558; *Amsdell* v. *Martin,* 20 Wkly. Dig. 370; *Dwight* v. *St. John,* 25 N. Y. 205.)

EDWARD T. BARTLETT, J. The determination of this appeal depends upon the construction of section 28, subdivision 2, of the Liquor Tax Law, as amended by the Laws of 1905, chapter 680, as this proceeding was instituted after the amendment. Prior to this amendment the sentence of the section now submitted for construction read as follows: " On the day specified in such order, the justice, judge or court before whom

the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file a verified answer to said petition, which answer denies each and every violation of the Liquor Tax Law alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proofs in relation thereto, and report the evidence to such justice, judge or court, without opinion."

This sentence, as amended, reads as follows : " On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate, unless the holder of said liquor tax certificate shall present and file an answer to said petition, which answer denies each and every violation of the Liquor Tax Law alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties in relation to the allegations of the petition or answer."

The power to refer is omitted from the amended statute. The single question to be answered is whether, notwithstanding this omission, a reference may be ordered to take the testimony in relation to the allegations of the petition or answer and report the same to the court without opinion. It is to be observed at the outset that the Liquor Tax Law, so known by its short title, is an act entitled " in relation to the traffic in liquors, and for the taxation and regulation of the same, and to provide for local option, constituting chapter 29 of the General Laws." In other words, the traffic in liquors, its taxation and regulation, is governed by this act and confers upon the courts additional powers in order to carry the same into effect. The revocation and cancellation of a liquor tax certificate for cause is a procedure regulated entirely by the

act in question.   The certificate issued under this act differs essentially in details, to which reference need not now be made, from the former license, so called, that was given to the citizen desiring to traffic in the sale of spirituous liquors.

This court held in *Matter of Lyman* (160 N. Y. 96) that a liquor tax certificate constitutes, under the present law, a species of property transferable by the party procuring the same, and that the privilege or right which it confers upon the holder cannot be revoked except in the manner and for the causes prescribed in the statute.

It follows that the power to appoint a referee to take testimony in a proceeding to revoke and cancel a liquor tax certificate must be found in the statute to which reference has been made.   The situation presented is exceedingly simple, involving no difficult question of construction.   The sentence we are considering, unamended, required the court, on the return of the order to show cause, to hear the proofs of the parties, or to direct a referee to take the same and report without opinion.   The sentence, as amended, requires the court, on the return of the order to show cause, to hear the proofs of the parties in relation to the allegations of the petition or answer.   The power to refer the taking of proof is omitted, and it must be assumed under the circumstances that the legislature intended to change the practice in this regard. It is difficult to see how any other conclusion could be reached as a mere matter of construction and without regard to adjudication bearing upon the question.

In *Matter of Prime* (136 N. Y. 347) it was held that when a statute amends a former statute " so as to read as follows," it operates as a repeal by implication of inconsistent provisions in the former law and all provisions therein omitted in the latter.

It is true that this rule is not to be regarded as absolute and unyielding where the surrounding circumstances are such as to qualify it.   In the case at bar there are no such circumstances as to prevent the application of the well-established rule.   On the contrary, it is quite possible that the legislature

may have become satisfied that references were too slow and expensive, thereby preventing the speedy and economical enforcement of the statute. If the omission of the power to refer was accidental, the legislature can readily cure it.

It was urged upon the argument, and in the opinions of the Appellate Division in other cases, in support of the power to refer under the section as amended, especially in the first department, that the crowded condition of the calendars was such it would be manifestly impossible to dispose of applications under this statute in a summary manner unless the appointment of a referee was permitted. It is suggested that this condition was known to the legislature, which is undoubtedly so and renders it clear that the legislature intended to abolish references in these proceedings.

The orders appealed from should be reversed, with costs. The question certified is answered in the negative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and HISCOCK, JJ. concur; WILLARD BARTLETT, J., not voting.

Orders reversed.