(123 App. Div. 310.)

PEOPLE ex rel. FOLEY v. UNGER et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

CLERKS OF COURT—APPOINTMENT—VACANCY.

Greater New York Charter, Laws 1897, p. 491, c. 378, § 1373, provided that there should be in and for each district a clerk of the Municipal Court, and in each district of the boroughs of Manhattan, Brooklyn, and the Bronx an assistant clerk appointed by the justice "elected or appointed for each district." This section was amended by Laws 1901, p. 586, c 466, by striking out the words, "or appointed." *Held*, that a justice of the Municipal Court in the borough of Manhattan appointed to fill a vacancy caused by the death of his predecessor in office after the amendment of section 1373 had no power to appoint an assistant clerk of such court, but that the incumbent of such office held over until his successor was appointed by an elected judge under Public Officers' Act, Laws 1892, p. 1657, c. 681, § 5, providing that every officer, except a judicial officer, notary public, commissioner of deeds, and an officer whose term is fixed by the Constitution, shall hold over until his successor is chosen and qualified, and by Laws 1901, p. 642, c. 466, § 1558, declaring that all officers appointed under the Greater New York Charter shall, unless otherwise expressly provided and unless sooner removed, hold their respective offices until their successors are respectively elected or appointed, and qualified.

Scott, J., dissenting.

Appeal from Special Term.

Mandamus by the people, on the relation of James Foley, against Henry W. Unger, as justice of the Municipal Court of the city of New

York, and William H. Hornidge, impleaded. From an order granting the writ requiring defendant to certify relator's name as assistant clerk of the district court with full compensation in the sum of $250 for services rendered in the month of September, 1907, respondents appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander L. Strouse, for appellant Henry W. Unger, as justice of the Municipal Court.

Henry T. Hornidge, for appellant William H. Hornidge.

James A. Foley, for respondent.

INGRAHAM, J. Prior to July, 1901, Daniel F. Martin, who had been elected a justice of the Municipal Court, appointed the relator an assistant clerk of the court for the term of six years; his term expiring on the 9th day of July, 1907. Justice Martin died, and the defendant Unger was appointed by the mayor on the 25th day of January, 1907, to fill the vacancy. Justice Unger qualified, and entered upon the performance of his duties as such justice. The relator received his salary until September 10, 1907, when Justice Unger appointed the defendant Hornidge as assistant clerk in place of the relator, and since that time Justice Unger has refused to recognize the relator as clerk, or to certify to the facts which would enable him to receive his salary.

The appointment of clerks of the Municipal Courts is regulated by the charter. Section 1373 of the charter of 1897 (chapter 378, p. 491, Laws 1897) provided that:

"There shall be in and for each district a clerk of said court and in each district in the boroughs of Manhattan, Brooklyn, and of the Bronx, an assistant clerk, who shall be appointed by the justice elected or appointed from said district."

By this provision undoubtedly a justice appointed to fill a vacancy would be entitled to fill any position of clerk or assistant clerk that became vacant during his term of office. By the charter of 1901 (chapter 466, p. 586, Laws 1901), this section was amended by striking out the words, "or appointed," so that the section now reads:

"There shall be in and for each district a clerk of said court and in each district in the boroughs of Manhattan, Brooklyn and of the Bronx an assistant clerk who shall be appointed by the justice elected in said district."

Each of these clerks and assistant clerks were to hold office for the term of six years from the date of appointment. By the charter of 1897 new districts of the Municipal Court were appointed, and provision was made for the appointment by the mayor of judges to fill the vacancies caused by the creation of the new courts until their successors were elected, and also for the appointment of the clerks and assistant clerks for such courts. There was a special reason, therefore, why the appointed judges under the Laws of 1897 should have power to appoint clerks and assistant clerks. When the charter of 1901 was passed, there was no such necessity, and the Legislature then had before it the question as to the officer that should appoint to these positions when the terms of the then incumbents expired. As the provision of

the charter stood, any justice who occupied the position, either by election or appointment, would have the right to fill a vacancy; but, in re-enacting section 1373 of the charter of 1897, the Legislature eliminated the words "or appointed," and provided that the clerk and assistant clerk in the district should be appointed by the justice in said district. There is a very good reason why there should be, so far as a permanent appointment to these clerkships is concerned, a distinction between a judge elected who holds his position for 10 years and a judge appointed to fill a vacancy who holds his position for a few months; and it is entirely reasonable to suppose that the Legislature intended that a judge holding such a temporary position should not be permitted to appoint a clerk or assistant clerk who would continue for more than one-half the term of the justice who should subsequently be elected. Effect must be given to the act of the Legislature in striking out from the section of the charter providing for the appointment of these clerks the provision that they should be appointed by the justice "appointed" in the district. If the provision had been that the clerks and assistant clerks should be appointed by the justice of the district, the justice, whether elected or appointed, would have the right to appoint; but when the Legislature restricts the power of appointment to the justice elected, and that as the result of an amendment which strikes from the statute a former provision allowing an appointed justice to make the appointment, it seems to me that the conclusion arrived at by the learned judge below at the Special Term was correct. An illustration as to the effect of such an amendment was presented in Matter of Clement v. Hegeman, 187 N. Y. 274, 79 N. E. 1003. In that case the liquor tax law, prior to the amendment of 1895, provided that, if the holder of the liquor tax certificate should answer a petition for the revocation of his license denying a violation of the liquor tax law alleged in the petition and raise an issue as to any of the facts material to the granting of such order, the justice, judge, or court should hear the proofs of the parties, and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proofs in relation thereto, and report the evidence to such justice, judge, or court, without opinion. By chapter 680, p. 1737, § 3, Laws 1905, this provision, being subdivision 2 of section 28 of the liquor tax law, was amended by striking out the words, "or appoint a referee to take proofs in relation thereto, and report the evidence to such justice, judge or court, without opinion." Laws 1896, p. 69, c. 112. The court held that, as the power to refer was omitted from the amended statute, the court had no power to refer; that the sentence "we are considering, unamended, required the court, on the return of the order to show cause, to hear the proofs of the parties, or to direct a referee to take the same, and report without opinion. The sentence, as amended, requires the court, on the return of the order to show cause, to hear the proofs of the parties in relation to the allegations of the petition or answer. The power to refer the taking of proof is omitted, and it must be assumed under the circumstances that the Legislature intended to change the practice in this regard." The Legislature must have had some intention in striking out the words "or appointed," and it seems to me that

it could only have been for the purpose of restricting this power of appointment to a judge who had been elected and would thus hold the office for 10 years, so that he could have some control over the subordinates of the court in which he is to preside. In Stuber v. Coler, 164 N. Y. 22, 58 N. E. 17, while this point was not involved, the discussion turned upon the effect to be given to the words "elected or appointed" in the charter of 1897, and it was held that justices of the peace, or the justices of the district courts within the enlarged territory, constituting the new city who were in office before the new charter went into effect, were not justices who had been elected or appointed to the reorganized Municipal Court, and therefore were not authorized to make appointments to these positions. The fact that this construction of the statute may produce some confusion in case a clerk should die, or resign, or be removed while an appointed judge is in office is not substantial, for the vacancy would only exist for a few months when the successor of the appointed judge would be elected. It is not disputed but that under the public officers act (Laws 1892, p. 1657, c. 681, § 5; chapter 7, General Laws) the relator would hold over until his successor was appointed, and this is confirmed by section 1558 of the charter (chapter 466, p. 642, Laws 1901).

I think this order was right, and should be affirmed, with $10 costs and disbursements.

All concur, except SCOTT, J., who dissents.

SCOTT, J. (dissenting). There is a fundamental objection to the relator's application which is quite independent of the question whether or not Hornidge was legally appointed, and that is that the relator could not, whether a successor was appointed or not, hold office beyond the term for which he was appointed, which it is conceded expired by limitation on July 9, 1907. It has been held in this state that at common law, and in the absence of a statute so providing, an officer whose term has expired has no right to hold over (People v. Tieman, 8 Abb. Prac. 359), and he certainly can have no such right when he is expressly excepted from the operation of a statute giving to officers generally the right to hold over. Section 5 of the public officers' law (chapter 681, p. 1657, Laws 1892) provides that:

"Every officer, except a judicial officer, a notary public, a commissioner of deeds or an officer whose term is fixed by the Constitution, shall * * * hold over and continue to discharge the duties of his office after the expiration of the term for which he shall have been chosen, until his successor shall have been chosen and qualified."

The exception applies to every judicial officer, and is not limited to magistrates, judges, or justices. It has been distinctly held by the Court of Appeals that an assistant clerk of a District Court in the city of New York, predecessor of the present Municipal Court, is a judicial officer embraced within the judiciary system of the state. Whitmore v. Mayor, 67 N. Y. 21; People ex rel. Gilchrist v. Murray, 73 N. Y. 535. The same rule must apply to the relator, and, as his claim to salary must rest upon the validity of his own title to the office, and not upon any supposed defect in the title of him who claims to have

been appointed as his successor, it follows that his present application should be denied. Nor am I at all convinced that Hornidge was not legally appointed. It seems to me to be clear that the sections of the charter of 1897 relating to the Municipal Court intended to provide for two classes of justices to be appointed by the mayor. One class consisted of those justices whose office was created by the charter, who were to be originally appointed by the mayor, and who were to hold office until December 31, 1899, or a term of nearly two years. It was with reference to these justices that section 1373 provided that clerks and assistant clerks should be appointed for a term of six years by the justices "elected or appointed," and those words applied only to those newly created justices. Stuber v. Coler, 164 N. Y. 22, 58 N. E. 17. It was necessary to specifically authorize these originally appointed justices to appoint clerks, because; as their office was newly created, they succeeded no one, filled no vacancy, took no authority by devolution from any predecessor, and could not have equipped their courts, unless given power to appoint clerks. When the revision of 1901 was made, this necessity had disappeared, because all the originally appointed justices had been succeeded by elected justices. It was for this reason alone, as I consider, that the words "or appointed" were omitted in the revision from section 1373, leaving the provision as it now stands that clerks and assistant clerks shall be appointed by justices "elected" from the district. In my opinion neither the inclusion of the words "or appointed," in section 1373 of the charter of 1897, nor their omission from the same section in the charter of 1901, had any reference to or bearing upon the power of the second class of justices to be appointed by the mayor, to wit, those appointed to fill a vacancy for the interim between the happening of the vacancy and the election and qualification of a successor. As to these the rule to be applied is the one which would have been applicable if both the charter of 1897 and the charter of 1901 had provided, as the latter charter does, that clerks and assistant clerks shall be appointed by the justice elected from the district. The general rule is, as seems to be conceded on all hands, that a public officer appointed to fill a vacancy caused by death, resignation, or removal possesses all the power that his predecessor would have possessed if he had remained in office, and I can find nothing in the word "elected" to indicate an intention on the part of the Legislature to create an exception to this general rule, especially as the result of so doing might leave a court unprovided with a clerk for a considerable period.

For both reasons therefore—first, because the relator did not hold over and had no title to the office in any event; and, second, because Hornidge was lawfully appointed—the order in my opinion should be reversed, and the motion denied.