In the Matter of the Petition of HERBERT S. SISSON, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 16,897, Held by WILLIAM J. GLEASON, Respondent.

Second Department, July 31, 1917.

**Intoxicating liquors — application for cancellation of liquor tax certificate — practice — court has no power to call jury to aid his conscience.**

The Special Term on an application for the cancellation of a liquor tax certificate has no power to order that the issues raised by the answer to the petition be tried before the court and a jury, under section 971 of the Code of Civil Procedure, in order to aid the conscience of the court.

The intendment of the Liquor Tax Law is that such application shall be heard by the court itself and the issues of fact may not be sent to a referee to report the evidence, or to a jury.

APPEAL by the petitioner, Herbert S. Sisson, as State Commissioner of Excise, from part of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 24th day of April, 1917.

*T. Channon Press* [*Harry D. Sanders* with him on the brief], for the appellant.

*William J. Fallon,* for the respondent.

THOMAS, J.:

Upon an application for the cancellation of a liquor tax certificate, it was ordered at Special Term, upon respondent's motion, that the issues raised by the answer to the petition " be tried before the court and a jury, in order to aid the conscience of the court." The question is whether the court had the power to make the order. That the respondent has not the constitutional right to trial by jury has been decided. (*People ex rel. Presmeyer* v. *Comrs. of Police,* 59 N. Y. 92; *Matter of Lyman,* 46 App. Div. 387; affd., 163 N. Y. 552.) But the respondent urges that the court has the inherent and statutory power to invoke the aid of the jury. Section 971 of the Code of Civil Procedure is: " In an action, where

a party is not entitled, as of right, to a trial by a jury, the court may, in its discretion, upon the application of either party, or without application, direct that one or more questions of fact, arising upon the issues, be tried by a jury, and may cause those questions to be distinctly and plainly stated for trial accordingly." The respondent regards as illustrative of the court's authority, *People ex rel. Thaw* v. *Grifenhagen* (154 N. Y. Supp. 965). But regard must be had to the Liquor Tax Law. That law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 27, subd. 2) provides that for violations the certificate may be canceled by an order. Application for the order may be presented to a justice of the Supreme Court, or to a Special Term of that court, or to the County Court or judge of the county where the traffic is designated to be carried on, or wherein the holder of the certificate resides, or in cases where the certificate is authorized by enumerated provisions of the statute to a justice of the Supreme Court of the proper judicial district. The statute then provides for the issuance of an order to show cause "before such justice, judge or court, or before a Special Term of the Supreme Court" on a day not more than ten days after the granting thereof, and it is required that such order shall be served not less than five days before the return day thereof, and that "On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and canceling the said liquor tax certificate, unless the holder * * * shall present and file an answer to said petition, which * * * denies each and every violation of this chapter alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties in relation to the allegations of the petition or answer. If the said evidence establishes any of the facts hereinbefore set forth as sufficient to revoke and cancel a certificate, an order shall be granted by said justice, judge or court revoking and canceling such certificate." The petition in this instance was presented to a justice of the Supreme Court, who, on March thirtieth, granted an order to show cause at Special Term on April ninth, but the return day was adjourned to April sixteenth, at which time

on respondent's motion the present order was made. What then would become of this proceeding does not appear. The usual course would be to send it to a Trial Term, where a jury would be available. If the proceeding was intended to be summary, it thereby would lose much of the dispatch which the statute intended. The whole proceeding could be had before a justice or judge, or before a Special Term of the court. It is introduced by motion; it brings in the respondent by order to show cause; it is disposed of by order. It is directed to be heard on the return day and order granted, unless issues be raised, and in that case " said justice, judge or court shall hear the proofs." The only court mentioned is the County Court or the Supreme Court at Special Term. But under the present order the court at Special Term does not try the issues but causes questions to be distinctly and plainly stated for trial. (Code Civ. Proc. § 971.) Issues of fact triable by a jury are triable at a Trial Term. (Code Civ. Proc. § 976.) When they will be tried depends upon the appointment of terms and the availability of juries. By the present procedure, the prosecution may be bereft of expedition, and the purpose to accelerate inquiry and decision weakened or dissipated by the usual formalities of actions. Indeed, the proceeding is delayed by the necessity of resorts to Special Term, to Trial Term, and, may be, again to Special Term. And it may be that the justice at Special Term will not sit at final disposition of the proceeding at Special Term. Even if the unusual course of summoning a jury for a Special Term of the court could be adopted, the proceeding would be exposed to delay. The statute intends a proceeding, wherein the hearing and disposition of the case shall be by a judge or by a court, without the interposition of a jury. In my judgment, it intends that a judge sitting as such, or in court, shall hear and rely on what he hears and what he thinks. If the verdict of a jury may be had, the court may defer to the conclusion reached, and while it is expectable that he will not act on a verdict that does not meet his approval, he may be influenced by judgments not his own. The Supreme Court exercises the power to send issues or questions to a referee to take and report the evidence without or with his opinion, but under the statute in question that cannot

be done, even when the certificate holder does not appear (*Matter of Clement* v. *Hegeman*, 187 N. Y. 274), although it had been decided otherwise in *Matter of Cullinan* [*Watson Certificate*] (93 App. Div. 540, 544). Prior to the amendment of subdivision 2 of section 28 by chapter 680 of the Laws of 1905, the court could appoint a referee to take the evidence and to report without opinion. But the repeal of that provision was, in *Matter of Clement* v. *Hegeman,* deemed significant, and the decision indicates that the procedure is regulated entirely by the act itself. If by reason of the rigidity of the statute the court may not direct that the evidence be taken and reported to him, it has not, I would conclude, the power to send issues to a jury for decision.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., and PUTNAM, J., concurred; MILLS, J., concurred upon the ground that the court made an unwise exercise of discretion in directing a trial by jury; BLACKMAR, J., concurred in the result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.