In the Matter of DAVID L. PODELL.*

Supreme Court, New York County, August 1, 1930,

*Hays, Podell & Shulman*, for the petitioner.

*Matthew Swerling*, for Julius Lippmann.

---

* See, also, 138 Misc. 6.

SCHMUCK, J. Motion granted. An injunction *pendente lite* is decreed in favor of plaintiff, restraining the transfer or disposition of the sum of $6,500 now on deposit with the Manufacturers' Trust Company to the credit or account of Benedict Wolf & Co. to await the decision of petitioner's claim for services rendered. Section 475 of the Judiciary Law, formerly section 66 of the Code of Civil Procedure, defines when and how an attorney obtains a lien for services rendered and to what property it attaches and the manner in which it is determined and disposed of. The courts, in interpreting this section, have clearly stated that an attorney has a right or lien which attaches to the proceeds resulting from trial or settlement, and which cannot be defeated by an act, collusive or otherwise, between the client and his quondam antagonist. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492.) In considering the right thus given, the courts have been broad and generous rather than narrow, recognizing the peculiar nature of the lien, and accepting it as a device invented for the protection of attorneys, so that compensation for services could not be defeated by scheming clients. (*Goodrich* v. *McDonald*, 112 N. Y. 157.) In the matter before the court, whether the lien of plaintiff be determined to be a specific, or, as it is sometimes termed, a charging lien, or a general lien, is immaterial, and cannot affect plaintiff's right against the fund in question.

Unfortunately, because of paucity of material furnished, the value of the services rendered by plaintiff cannot be ascertained, and the matter must be sent to an official referee to take testimony of services rendered and to compute the value thereof. Settle order.