In the Matter of the Application of DAVID L. PODELL to Enforce an Attorney's Lien.*

Supreme Court, New York County, September 17, 1930.

*Hays, Podell & Schulman*, for the petitioner.

*Matthew Swerling*, for Julius Lippman.

HAMMER, J. In this proceeding for the determination and enforcement of an attorney's lien under section 475 of the Judiciary Law, the motion under consideration was made under section 430 of the Civil Practice Act and rule 157 of the Rules of Civil Practice

---

* See, also, 138 Misc. 428.

by the respondent Lippman to have certain alleged issues of fact tried by a jury. Section 430 provides for jury trial in an action in the discretion of the court of one or more questions of fact arising upon the issues. The matter at bar, however, is a special proceeding. (See Civ. Prac. Act, §§ 4, 5, 7, 8, 430; 3 Fiero Particular Actions & Proceedings, p. 3095.)

In *Sullivan* v. *McCann* (124 App. Div. 126, at p. 130) it was held: "*It is not an action, nor is the appeal from a judgment rendered after the trial of an issue of fact in an action, and, therefore, section 997 of the Code of Civil Procedure has no application. In Matter of Cartier v. Spooner* (118 App. Div. 342), *we expressly held that a proceeding against an attorney and a proceeding under section 66 of the Code of Civil Procedure was a special proceeding, and not an action,* and that no formal judgment could be entered thereon; and ' in a proceeding of this character, the court must determine the controversy, and it may order a reference only for the purpose of assistance to itself in that regard. * * * If a reference be ordered, the matter must come back to the court on the report of the referee for final determination, and the report may be adopted or disregarded and a different decision made on the facts.' " (See, also, *Smith* v. *First National Bank of Albany*, 103 Misc. 274; *Peri* v. *New York Central Railroad Company*, 152 N. Y. 521.)

In *Matter of King* (168 N. Y. 53) the procedure to be followed in this matter was pointed out. The Court of Appeals (at p. 58) held: " In this case the petitioners had a lien created by statute. The proceedings provided for by the Code are instituted by a petition and are in the nature of the foreclosure of a lien. The appointment of a referee may have been in the discretion of the court. The Special Term undoubtedly could have retained the proceedings, tried out the question as to the value of the petitioners' services and determined the rights of the parties without a referee, *but the petitioners were entitled to have their rights determined by the court either with or without the aid of a referee.* The court could not properly, in the exercise of its discretion, deprive the petitioners of this remedy. The remedy given is equitable in character, and we think the equity side of the court has jurisdiction. It is, in some respects, analogous to the foreclosure of mechanics' liens, in which it has been held to be an action in equity triable by the court without a jury. ( *Kenney* v. *Apgar*, 93 N. Y. 539, 550; *Goodrich* v. *McDonald*, 112 N. Y. 157.) "

Proceedings involving the rights arising out of the relationship of attorney and client are of necessity summary in character. In an analogous matter the Appellate Division of the Second Department held that this court was without authority to frame issues

in a summary proceeding. In *Matter of Sisson* (179 App. Div. 236) it was held: " If the proceeding was intended to be summary, it thereby would lose much of the dispatch which the statute intended. The whole proceeding could be had before a justice or judge, or before a Special Term of the court. It is introduced by motion; it brings in the respondent by order to show cause; it is disposed of by order. It is directed to be heard on the return day and order granted, unless issues be raised, and in that case ' said justice, judge or court shall hear the proofs.' The only court mentioned is the County Court or the Supreme Court at Special Term. But under the present order the court at Special Term does not try the issues but causes questions to be distinctly and plainly stated for trial. (Code Civ. Proc. § 971.) Issues of fact triable by a jury are triable at a Trial Term. (Code Civ. Proc. § 976.) When they will be tried depends upon the appointment of terms and the availability of juries. *By the present procedure, the prosecution may be bereft of expedition, and the purpose to accelerate inquiry and decision weakened or dissipated by the usual formalities of actions.* Indeed, the proceeding is delayed by the necessity of resorts to Special Term, to Trial Term, and, may be, again to Special Term. And it may be that the justice at Special Term will not sit at final disposition of the proceeding at Special Term. Even if the unusual course of summoning a jury for a Special Term of the court could be adopted, the proceeding would be exposed to delay. The statute intends a proceeding, wherein the hearing and disposition of the case shall be by a judge or by a court, without the interposition of a jury. In my judgment, it intends that a judge sitting as such, or in court, shall hear and rely on what he hears and what he thinks. If the verdict of a jury may be had, the court may defer to the conclusion reached, and while it is expectable that he will not act on a verdict that does not meet with his approval, he may be influenced by judgments not his own." (See, also, *Smyth* v. *Board of Education*, 128 Misc. 49.)

It appears from the foregoing that the court is without authority to order the framing of issues for trial by a jury in a special proceeding to determine and enforce an attorney's lien. In addition, this court has heretofore by order enjoined *pendente lite* the transfer or disposition of the funds sought to be impressed with the attorney's lien in this proceeding, and directed that the matter be referred to an official referee to take testimony of the services rendered and the value thereof. (See *Matter of Podell*, 138 Misc. 428.)

The court has not been apprised of any appeal from that order and of course its provisions may not be reviewed upon this motion.

That the matter here is one in equity and even if within the authority of the court and its discretion a jury trial might be ordered, that the issues here should not be framed and a jury trial not ordered is also amply sustained by authority. (*Evans* v. *National Broadway Bank,* 88 App. Div. 549; *Ellensohn* v. *Keyes,* 6 id. 601.)

For the foregoing reasons the motion is denied.