FRANK G. SMITH, Plaintiff, *v.* FIRST NATIONAL BANK OF ALBANY, NEW YORK, HENRY PATTON and HENRY PATTON as Administrator of MARY S. PATTON, Deceased, Defendants.

Matter of the Petition of RICHARD J. DONOVAN to Enforce Attorney's Lien.

(Supreme Court, Albany Special Term, April, 1918.)

Attorneys — proceeding to establish and enforce a lien — jurisdiction — actions — Statute of Limitations — injunctions — accounting — judgments — Judiciary Law, § 475.

A proceeding to establish and enforce an attorney's lien upon a judgment is in no sense a motion in the action but a special proceeding; but in order to give the court jurisdiction service of the papers must be made upon the party proceeded against in the same manner as is provided for the service of a summons.

At the institution of an action by S., against a bank and one P., for an accounting in which it was determined that a certain sum was the plaintiff's share of the proceeds of certain real property, and that the defendant P.'s share was a certain amount, plaintiff agreed in writing to pay his attorney for services one-half of the amount recovered besides the costs. In an action still pending brought by P. against S. six years

after the first action, and in which the attorney for the defendant therein was not made a party defendant, an injunction was granted restraining the collection of the judgment in the first action pending the result of the second action. Later the bank paid to the attorney for the plaintiff in the first action the costs and a certain amount on account of the principal and interest which was the only payment received by said attorney for services and disbursements in the several trials and appeals in said action. In the present proceeding to establish the lien of the plaintiff's attorney in the first action, to which he made S., the bank and its attorneys, P., individually and as administrator, and also his attorney, parties defendant, the petitioner asks leave to issue an execution against the bank for the amount of his lien and that S. be ordered to assign to him a certain sum out of the amount due on the judgment and that the injunction in the second action be modified so as not to affect the attorney's lien. *Held,* that the attorney for P., individually and as administrator, in which latter capacity he was in nowise a necessary party to the proceeding, having filed an affidavit upon the hearing of the motion contesting the jurisdiction of the court over the person of P. and averring facts to defend against the petition on the merits and having filed a memorandum subscribed by him as attorney, as required by section 421 of the Code of Civil Procedure, contesting the jurisdiction of the court over the person of P., as a jurisdictional defect and further defending against the petition on the merits, such action constituted a voluntary appearance on the part of P. and conferred jurisdiction on the court to proceed though no service of the papers was made upon P. either as an individual or as administrator.

A contention that the petitioner must first resort to his client for payment, the judgment standing as security, and that he cannot resort to it until he has exhausted his remedy against his client or shown that he is insolvent and that it would be futile to pursue him, is untenable, there being nothing in section 475 of the Judiciary Law which requires an attorney to first proceed against his client before he can enforce his lien, the judgment remaining unpaid being still within the jurisdiction of the court.

APPLICATION under sections 474 and 475 of the Judiciary Law to establish and enforce attorney's lien.

Richard J. Donovan, petitioner, in person.

Herbert D. Cohen (Lester T. Hubbard, of counsel), for petitioner.

George Lawyer, for respondent Henry Patton.

Tracey, Cooper & Townsend, for respondent First National Bank of Albany, N. Y.

NICHOLS, J.   This is a petition by Richard J. Donovan, an attorney and counselor at law, to establish and enforce an attorney's lien upon a judgment entered in the Supreme Court, July 22, 1913, against the defendant the First National Bank of Albany, N. Y., for the sum of $22,683.87 damages, and $469.40 costs against the First National Bank of Albany, N. Y., and Henry Patton.   This judgment was appealed to the Appellate Division of the third department and there affirmed with costs.   An appeal was taken to the Court of Appeals and the judgment was again affirmed with costs.   On July 6, 1917, there were due and owing the plaintiff on said judgment, $28,067.49 principal, and $849.04 costs.   For the principal the plaintiff could have execution against the defendant bank and for the costs against the defendant bank and the defendant Henry Patton.   The action was one in accounting and it was determined therein by the judgment that the sum of $22,683.87 was the plaintiff's share of the proceeds of certain property called the Gasperaux property and that the defendant Patton's share therein was $36,041.70.

At the time of the institution of the said action, the plaintiff made an agreement with the petitioner whereby he agreed to pay the petitioner for his services in said cause one-half of the amount recovered by

the plaintiff and the costs. The summons was dated May 31, 1910, and at or about that time the action was commenced. On the first trial the defendants had a judgment; the plaintiff appealed to the Appellate Division and secured a reversal. 151 App. Div. 317. Upon a retrial the plaintiff recovered a judgment as aforesaid which has been affirmed by the Appellate Division and the Court of Appeals. A motion was also made in the Court of Appeals to dismiss the appeal for want of jurisdiction which was denied. Afterwards, the defendant in the first action, Henry Patton, brought an action in the Supreme Court against the plaintiff in said action, Frank G. Smith, wherein the complaint was verified May 29, 1916, which action is still pending and undetermined; and in said action procured an injunction order bearing date April 28, 1917, restraining the collection of $25,000 of the judgment in the above entitled action of *Smith* v. *First National Bank of Albany, N. Y.,* pending the result of said action of Patton against Smith, on the grounds that the defendant Smith's place of residence and his financial responsibility are uncertain and that the plaintiff may be unable to realize upon any judgment which he may recover therein if the defendant is permitted to withdraw said funds on deposit in the First National Bank of Albany, N. Y., upon condition that the defendant in that action file an undertaking to the effect that he will pay the defendant Frank G. Smith all damages and costs which he may sustain, not exceeding the sum of $20,000, if it is finally decided that the plaintiff is not entitled thereto.

On July 6, 1917, defendant First National Bank of Albany, N. Y., paid the petitioner the said costs amounting to $849.04 and $3,067.49 on account of principal and interest, leaving a balance of $25,000. This is the only payment that has been received by the

petitioner for his services and expenditures in the trials and appeals in said action. On July 6, 1917, aside from said costs, the amount of the petitioner's fees under the aforesaid agreement was $14,033.74; deducting $3,067.49 applied thereon by the petitioner leaves a balance of $10,966.25 which the petitioner claims as a lien on the aforesaid judgment entered herein, with interest from July 6, 1917. Petitioner asks leave to issue execution against the First National Bank of Albany, N. Y., for the amount of his said lien and that the defendant Frank G. Smith be ordered to assign to the petitioner the said sum of $10,966.25 out of the amount now due on the judgment and that the injunction in the action of Patton against Smith be modified so as not to affect the petitioner's lien. In the action in which the injunction was granted, the petitioner was not made a party. In the pending proceeding to establish the attorney's lien, the petitioner makes the plaintiff, Frank G. Smith, a party, the First National Bank of Albany, N. Y., a party, Henry Patton a party, Henry Patton, as administrator of Mary S. Patton, deceased, a party, Tracy, Cooper & Townsend, attorneys for the defendant bank, a party, and George Lawyer, attorney for Henry Patton, individually and as administrator, etc., a party. Service herein was not made on Henry Patton individually or as administrator, etc. On the argument of the application, George Lawyer who had been the attorney of record for Henry Patton individually and as administrator, etc., appeared and filed an affidavit in which he avers that he is the attorney for the defendants Patton in the above entitled action, then avers other facts relative to the said injunction order and in opposition to the petition on the merits thereof, and then avers further that service of this application has not been made on the respondent Henry Pat-

ton, either individually or as administrator of Mary S. Patton, deceased. He further files a memorandum which is subscribed " George Lawyer, Attorney for the defendant, Henry Patton, office and post-office address, 79 Chapel Street, Albany, N. Y." In said memorandum he asks that the petitioner's proceeding be dismissed on the grounds that the defendant Henry Patton, individually and as administrator, etc., has not been served, as a jurisdictional defect, and in the same memorandum he defends the proceeding on the merits. In the motion for the injunction an affidavit was filed by Frank G. Smith's attorney verified by Richard J. Donovan in which he averred and claimed a lien on the judgment for one-half thereof. At the time of the argument of this application, an appeal from the order granting said injunction order was pending in the Appellate Division of the third department and since which time and before the decision of this application said order appealed from has been affirmed.

This is a special proceeding and cannot be regarded in any proper sense as a motion in the action. *Peri* v. *New York C. & H. R. R. R. Co.,* 152 N. Y. 526.

In order to give the court jurisdiction in a special proceeding, service must be made upon the party proceeded against in the same manner as is provided for the service of a summons. Code Civ. Pro. § 433.

The defendant Henry Patton as administrator, etc., was in no manner served in this proceeding. He was, as such administrator, in nowise a necessary party to said proceeding. The judgment in the Supreme Court had fixed his rights as such administrator which were nothing; and his attorney, George Lawyer, by appearing and filing an affidavit which contested not alone the jurisdiction of the court over the person, but also the merits of the proceeding, appeared in the action for the said Patton if the said administrator

was a necessary party thereto. See authorities below cited.

The attorney for Henry Patton individually and as administrator, etc., having filed an affidavit upon the argument of the motion herein contesting the jurisdiction of the court over the person of the said Henry Patton, and further averring facts to defend against said petition on the merits, and having filed a memorandum subscribed by him as attorney for Henry Patton, adding thereto his office and postoffice address as required by section 421 of the Code of Civil Procedure, in which memorandum he contested the jurisdiction of the court over the person of the said Henry Patton as a jurisdictional defect; and further defending against said petition upon the merits, was a voluntary appearance on the part of the said Henry Patton and conferred jurisdiction on the court in this proceeding. The Court of Appeals in the case of *Reed* v. *Chilson,* 142 N. Y. 155, says: " When a party does not intend to subject himself to the jurisdiction of the court he must appear specially for the purpose of raising the question of jurisdiction by motion, or he may allow the plaintiff to go on and take judgment by default without affecting his rights, since no judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act. But if the defendant elects to come before the court and there try the questions, he cannot afterwards deny the jurisdiction, or be heard to claim that it was not a voluntary appearance." It is a familiar principle that a party may waive an objection founded upon a want of jurisdiction of the person and he does waive it by a general appearance and proceeding to trial upon the merits.

*Matter of McLean,* 138 N. Y. 162. In *Sheffield* v. *Cooper,* 21 App. Div. 518, which was a proceeding to punish as for a contempt a violation of an injunction order, the court says: "Any defect in the service of the original order was cured or waived by defendant Cooper's appearance by counsel upon the motion to continue it, and submitting an affidavit therein." In *Matter of Stiller,* 175 App. Div. 211, Justice Woodward, writing for a unanimous court, says: "This was clearly a questioning of the jurisdiction of the court over the subject-matter of the proceeding, and a special appearance is proper only when a party seeks to deny the jurisdiction of the court over his person, and an objection to jurisdiction over the person, to be availing, must not be raised in connection with a denial of jurisdiction over the subject-matter." An appearance to deny the jurisdiction of the court over the subject-matter is, according to the weight of authority, a general appearance. The court, therefore, acquired jurisdiction over the person of Henry Patton, individually, and also over the person of Henry Patton as administrator, etc., if the said Henry Patton in his representative capacity was a necessary party in this proceeding.

The respondent Henry Patton, as a reason why the petitioner's lien should not be established, claims that this petitioner must first resort to his client for payment, the judgment standing for security, and that he cannot resort to it until he has exhausted his remedy against the client or shown that the client is insolvent and that it will be futile to pursue the client; and in support of his contention he cites the case of *Smith* v. *Acker Process Co.,* 102 App. Div. 170, and the case of *Webb* v. *Parker,* 130 id. 93. I do not think that either of these cases is in point. The case of *Smith* v. *Acker Process Co.* was a case where a settlement

had been made with the party and at the time of the settlement $3,730 had been paid to the plaintiff, and that was a proceeding to continue the action for the purpose of determining and establishing a lien of the plaintiff's attorneys. The court held that it would not be equitable to allow the action to be continued and thus force the defendant to satisfy the lien after they had paid the plaintiff, without the petitioners, the plaintiff's attorneys, showing that the plaintiff was not financially responsible so as to be able to pay the amount actually owing; in other words, that it was inequitable to collect the amount of the lien without the petitioners showing the inability of the client to pay. In the case of *Webb* v. *Parker,* there was a claimed attorney's lien of one Norton, which arose from acting as attorney for Mrs. Parker in an arbitration proceeding which had been entered into between the said Mrs. Parker and her husband, Dr. Charles T. Parker, with the plaintiffs, a firm of stock-brokers, respecting several credits which had been credited by the firm of stock-brokers to the husband and which Mrs. Parker claimed, and a claim made by the plaintiffs against Dr. Parker upon several transactions where he disputed his liability; and in which Mrs. Parker had agreed by a supplemental agreement that any determination in favor of the firm of stock-brokers against Dr. Parker should be constituted an offset *pro tanto* in their favor against any determination in favor of Mrs. Parker against the firm of stock-brokers. The petitioner Norton in that case was to receive for his services for his client, Mrs. Parker, twenty-five per cent of the awards made in her favor. The result of the arbitration was that the plaintiffs had an award against Dr. Parker which was substantially the amount which Mrs. Parker had against the stock brokerage firm and in that case the

court says (p. 101): " If the award in Mrs. Parker's favor is substantially wiped out by the setoff the attorney would be deprived of his lien. It can be preserved only by permitting judgment upon the award to be entered for the amount for which it has been found that the attorney has a lien, and limiting the offset to the remainder of the award in Mrs. Parker's favor. Of course it will be the duty of the attorney to resort to his client, in the first instance, for the payment of his agreed compensation, and while the judgment against plaintiffs will stand as security for the payment of that compensation until the attorney's claim is satisfied, he cannot compel the plaintiffs to pay him until he has exhausted his remedy against his client, or has shown that she is insolvent and that it will be futile to pursue the claim against her." In other words it would be inequitable under the supplemental arbitration agreement to compel the plaintiffs in that case to pay the claim of the petitioner, Norton, until he had exhausted his remedy against his client, Mrs. Parker, there being substantially no judgment in that action upon which the attorney's lien attached if the setoff had been made which Mrs. Parker had agreed should be made.

Section 475 of the Judiciary Law reads as follows: "Attorney's lien in action or special proceeding. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the

Supreme Court, April, 1918.      [Vol. 103.

client or attorney may determine and enforce the lien.''

In this proceeding the judgment has not been paid; it is under the control and jurisdiction of the court. No equities such as existed in the case of *Webb* v. *Parker* or the case of *Smith* v. *Acker Process Co.* exist here. There is nothing in the statute which requires the attorney to first proceed against his client before he can enforce his lien and there is no more reason apparent to this court why he should first be compelled to resort to his client than there would be in the case of a mechanic holding an agistor's lien to be compelled to attempt to collect the claim upon which the lien is founded before he could enforce his lien. Patton himself, by procuring the injunction which was granted in part on the grounds that the defendant's financial responsibilities were uncertain and that the plaintiff might be unable to realize upon any judgment which he, Patton, might recover therein if the said defendant was permitted to withdraw said funds which were on deposit in the First National Bank of Albany, N. Y., has shown to some extent a claimed insolvency of said Smith. Again, it might be difficult to show the insolvency or inability of Smith to pay. He concededly has a judgment upon which there remains unpaid, aside from the petitioner's lien, approximately $14,000. And the mere fact that Patton has brought an action against Smith wherein he claims to recover a large sum of money and has enjoined the payment of said sum to Smith pending the determination of that action affords no presumption that Patton will ultimately prevail therein. If the court thought that the requirements of this proceeding demanded proof of the inability of Smith to pay, it could be supplied at this time under the provisions of section 768 of the Code

of Civil Procedure so as to afford a complete deter-
mination of this proceeding at this time; but under
the circumstances of this case I do not consider such
proof necessary.

The lien attached from the time of the commence-
ment of the action. The Court of Appeals in the case
of *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173
N. Y. 499, says: '' The common law gave them no
right until the entry of judgment, but the statute gives
them one from the commencement of the action. If
the claim is prosecuted to judgment, or to a decision
upon which judgment may be entered, the lien reaches
forward and attaches to that also.'' So that from
the commencement of this action the petitioner's lien
attached to the cause of action and upon the entry
of judgment to the judgment itself. The respondent
Patton, by bringing another action for an accounting
in equity, could not divest his lien. It is only where
there has been an appropriation of the fund *pro tanto*
that prior equities are superior to this lien. The court
in the case of *Bacon* v. *Schlesinger,* 171 App. Div.
505, says: '' ' It is the settled doctrine in this State
' that an agreement, either by parol or in writing, to
pay a debt out of a designated fund, does not give an
equitable lien upon the fund, or operate as an
equitable assignment thereof.' [Citing cases.] In
*Trist* v. *Child* (21 Wall. 441), the court, referring to
this subject, said: ' But a mere agreement to pay out
of such fund is not sufficient. Something more is
necessary. There must be an [appropriation] of the
fund *pro tanto,* either by giving an order or by trans-
ferring it otherwise in such a manner that the holder
is authorized to pay the amount directly to the cred-
itor, without the further intervention of the debtor.'
(See also, *Addison* v. *Enoch,* 48 App. Div. 111, and
*Pettibone* v. *Thomson,* 72 Misc. Rep. 486, in which

instruments similar to the one here involved were held
to create no interest in the fund referred to for pay-
ment.) It is clear that the judgment in this action
beween Leo Schlesinger and Elizabeth Schlesinger
having been entered after the plaintiff's lien attached
and plaintiff not having been a party to the action,
had no effect whatever upon his rights." There could
have manifestly been no appropriation of this fund by
Patton or any one else. It follows that the lien of the
attorney is paramount and superior to any rights,
whatever they may be, that Patton may have acquired
in said action.

The petitioner's claim is for a contingent fee. The
agreement for the same was in writing and signed by
the plaintiff, Smith. Smith, although made a party
to this proceeding, is not contesting the right of the
petitioner to the relief sought nor as to the amount
of the lien. The result of the action of *Smith* v.
*Patton* was that after years of litigation and an enor-
mous amount of work a very substantial amount was
recovered. In the case of *Ransom* v. *Ransom,* 147
App. Div. 835, which was a case of a contingent
retainer of twenty-five per cent where there was a
recovery of $400,000, the majority of the court upheld
the agreement, the court saying: '' But when parties
are free to contract, their agreement should not be set
aside unless fraud has been perpetrated, undue influ-
ence exerted, material facts affecting the subject-
matter misrepresented or suppressed, or advantage
taken of a position of confidence and trust to obtain an
unconscionable advantage over the party. So in
*Werner* v. *Knowlton* (107 App. Div. 158) it was said,
in an action brought to recover for the value of pro-
fessional services fixed by express contract, approv-
ing of a refusal in effect to charge the jury that
plaintiffs could not recover unless the jury approved

of the rate of compensation fixed, and would have been willing upon a *quantum meruit* to allow the compensation agreed upon: ' We do not think that an attorney who expressly fixes the rate of compensation with a client, in the absence of some evidence of fraud or overreaching, is compelled to submit the validity and binding force of his agreement to any such test as this. Section 66 of the Code of Civil Procedure expressly provides that the compensation of the attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law.' If the contention of the counsel for the appellant upon the facts as developed in this case is correct, it would be entirely useless for an attorney to make an agreement fixing his compensation. Any agreement which he and his client might make, fixing for the protection of both the value of the services to be rendered, would always be subject to revision and modification by a court or jury which might entertain a different idea of values." The Court of Appeals in *Matter of Fitzsimons,* 174 N. Y. 23, says: '' The statute conferred upon the parties the right to make the contract, and conferred upon the court no authority to make it for them,'' thereby upholding a contingent fee of fifty per cent. It clearly appears that the services rendered in this case are fully worth the amount of the agreed compensation and it is unnecessary to have any reference to determine the amount of the lien, the parties having agreed upon the same, the same not being unconscionable and there being no fraud to vitiate the same. In fact the respondent Patton in his memorandum does not attack the value of the services. It is true the respondent bank urges in its memorandum that the petitioner Donovan has had ample compensation for his services, but I do not see how the said bank is in anywise interested in this con-

troversy, its only engagement being to pay in anywise the amount of the judgment.

The respondent Patton urges in his memorandum as a defense to this proceeding that this proceeding demands the vacation or modification of the injunction order granted in the case of Patton against Smith inasmuch as Frank G. Smith and the petitioner Donovan in their affidavits contesting said injunction set up the ground that Donovan had a lien on one-half of the judgment and that after considering such proof the justice granted the injunction and that no more proof is now submitted. The justice who granted the injunction order at Special Term wrote an opinion which shows that the only grounds considered by the court in granting such injunction order were the grounds specified in the injunction order, namely, that the defendant's place of residence and his financial responsibility are uncertain and that the plaintiff may be unable to realize upon any judgment which he may recover herein if the defendant is permitted to withdraw said funds on deposit in the First National Bank of Albany, N. Y. Donovan was not a party to that proceeding, although he made an affidavit in behalf of the defendant therein, and is in nowise precluded by the disposition thereof. I think the proper practice to enforce the lien, under the circumstances of this case, is that the petitioner Donovan have his lien established upon said judgment, the amount thereof being fixed and established as follows, viz.: The amount of the costs, $849.04, plus the further sum of $14,033.74, being one-half of the principal amount of the judgment, less the amounts paid on the said judgment on July 6, 1917, viz.: $3,037.49 of principal and interest and $849.04 costs, leaving the amount of the lien at the sum of $10,966.25, with interest thereon from July 6, 1917, and that an execution

issue thereon against the respondent bank ten days after the vacation or modification of the injunction order granted in the action of Patton against Smith, so far as the same applies to the amount of this lien, with leave to the petitioner Donovan to take such action in the premises as he may be advised.

That the respondent Frank G. Smith be ordered to assign to the petitioner, Richard J. Donovan, the sum of $10,966.25 as of date of July 6, 1917, out of the amount now due on said judgment.

Application granted, with ten dollars costs against the respondent Henry Patton.

Ordered accordingly.