FRANK G. SMITH, Plaintiff, *v.* FIRST NATIONAL BANK OF ALBANY, NEW YORK, and HENRY PATTON, Individually and as Administrator, etc., of MARY S. PATTON, Deceased, Defendants.

In the Matter of the Petition of RICHARD J. DONOVAN, Respondent, to Enforce an Attorney's Lien.

HENRY PATTON, Individually and as Administrator, Appellant.

Third Department, November 13, 1918.

**Attorney and client — lien — determination of right — right to execution while second action pending.**

Where, after a judgment had been entered in an action establishing that the plaintiff was the equitable owner of a half interest in certain lands, one of the defendants brought an action against the plaintiff, alleging a

partnership agreement for the purchase and sale of certain timber lands and asking for an accounting, on the theory that the first action related only to the joint transaction with reference to the particular land while the second action related to all of the partnership matters between the parties, including the property affected by the first action, and it appeared that the plaintiff in the second action had obtained an injunction restraining the defendant from receiving the moneys, and the holding bank from paying them out during the pendency of the second action, it was held that the attorney for the plaintiff in the first action, who also acted as attorney for the plaintiff in opposing the motion for the injunction, could have an order fixing the amount of his lien as between his client and himself, but that he could not have execution therefor against the bank while the second action was pending, as his interest in the moneys depended upon the final determination that his client was entitled to them.

APPEAL by Henry Patton, individually and as administrator, from an order of the Supreme Court made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 2d day of May, 1918, establishing an attorney's lien in favor of the respondent to certain moneys in the First National Bank of Albany, New York, and directing execution therefor.

*George Lawyer,* for the appellant.

*Richard J. Donovan* [*Herbert D. Cohen* of counsel], for the respondent.

*Tracey, Cooper & Townsend* [*James F. Tracey* of counsel], for the defendant First National Bank of Albany.

JOHN M. KELLOGG, P. J.:

The plaintiff recovered judgment in this action July 22, 1913, that he was the joint equitable owner, but not the legal owner, of a half interest in the Gaspereaux property, the proceeds of which were in the defendant bank, and that his share of said proceeds was $22,683.87 and that the bank pay the same to him and apply the remainder of said moneys upon certain notes. The respondent Donovan was the attorney for the plaintiff in said action. The judgment was affirmed July 1, 1914, in this court (164 App. Div. 905) and in the Court of Appeals April 17, 1917 (220 N. Y. 727). On or about the 29th day of May, 1916, Patton, a defendant in the former action, who was interested with Smith in the

Gaspereaux property, brought an action in the Supreme Court against him alleging, among other things, that on or about the 12th day of July, 1901, plaintiff and defendant entered into an agreement of copartnership for the buying and selling of timber lands in Nova Scotia, Newfoundland and the United States of America, and that during the transactions in which said partners were engaged, various sums were contributed by each partner, and that the plaintiff paid on account of the defendant from December 20, 1902, certain sums which, with accrued interest to May 1, 1916, amounted to the sum of $20,000, and that the First National Bank of Albany, a defendant in the former action, is in the possession of funds belonging to the copartnership amounting to $20,000; that the copartnership has not been dissolved. It asks a dissolution and an accounting, and for an injunction restraining the defendant from receiving and the bank from paying the moneys held by it. Among other defenses the defendant set up the former judgment.

The theory of the second action appears to be that the former action related only to the joint transaction with reference to the Gaspereaux property and its proceeds, while this action covers all partnership matters between the parties, including the Gaspereaux property, and that while the judgment establishes the rights of the parties in the Gaspereaux property as such, the final disposition of the moneys in the bank will depend upon the judgment finally establishing the rights of the general partnership matters. The respondent Donovan appeared as attorney for Smith in said action. Upon motion at Special Term the defendant obtained an injunction in the second action restraining the defendant Smith from receiving the moneys and the bank paying them, until the determination of that action. On said motion respondent Donovan appeared as attorney, and opposed the injunction, in part, upon the ground that he had an attorney's lien on account of his services in the action in which said judgment was rendered upon one-half of the share of Smith in the moneys in the bank, and that no stay should be granted as to that one-half. The court did not heed that contention. This court affirmed the injunction granted at the Special Term.

The respondent Donovan has obtained the order appealed from, entitled in the first action, which declares an attorney's lien upon one-half of said moneys in the bank, and directs an execution to issue against the bank.

By the agreement between Smith and his attorney, the latter was to have for his services in the action one-half of the amount recovered, and costs. According to the defendant's contention it has not yet been finally established that the moneys in the bank are the absolute property of Smith, but that the judgment only settles the rights of the parties so far as the Gaspereaux property is concerned, and that the final disposition of the moneys, as between the alleged partners, must be established in a general accounting of the entire partnership transactions. It is unnecessary to determine whether the second action can succeed or not; suffice it to say that Smith, by order of the court, has been restrained from receiving, and the bank from paying, the moneys during the pendency of the second action, and that such order is still in full force, and that respondent Donovan was the attorney for Smith on the motion which resulted in the injunction, and the same was granted notwithstanding his contention that he had an attorney's lien on the moneys. It is evident that the order restraining Smith, his agents, employees and assigns, from obtaining the moneys prevents his attorney upon this motion from obtaining the moneys while the injunction stands. Undoubtedly the attorney has a lien upon the judgment so far as his client's interest therein is concerned, but if it be finally established that his client was never entitled to the moneys, the attorney's lien falls. Smith, the client, does not oppose the motion. Evidently he and his attorney wished to take one-half of the moneys out of the bank, freed from the risk of the litigation, and the Special Term order, affirmed by this court, has determined that the moneys shall not be paid to the plaintiff, or his agents or assigns, until the determination of the action or the further order of the court. The moneys are in a safe place. It is just to all the parties that they should remain there until it is finally determined whether, as a matter of fact, Smith is entitled to said moneys as against Patton upon a final settlement of the copartnership matters. The rights of the

parties should not be changed by this motion, but should remain in *statu quo* to the end that after the second action is determined justice may be done in payment of the moneys to the proper person.

We conclude, therefore, that the Special Term was in error in granting the order, as it is directly in conflict with the injunction order and the order of this court sustaining it, and that the attorney's interest in the moneys depends upon the final determination that his client is entitled to them.

It is suggested that the respondent's client did not object to having the order fix the rights between him and his attorney to whatever interest the client may eventually have to the money in the bank. Former section 66 of the Code of Civil Procedure, now sections 474 and 475 of the Judiciary Law, gives the respondent such lien, but the order appealed from establishes the amount and may be of some value to the respondent, and the appellant apparently cannot be prejudiced by such determination. The order should be modified so that it will only establish and fix the amount of the attorney's lien as between him and his client, the order to be without prejudice to the rights of the respondent or the appellant as they may appear upon the determination of the second action, and as modified affirmed, with costs of this appeal and of the original motion to be paid by the respondent Donovan.

All concurred.

Order modified so that it will only establish and fix the amount of the attorney's lien as between him and his client, the order to be without prejudice to the rights of the respondent or the appellant as they may appear upon the determination of the second action, and as modified affirmed, with costs of this appeal and of the original motion to be paid by the respondent Donovan.