RAY ENTENBERG, Plaintiff, *v.* IRVING GOODMAN, Defendant.

Supreme Court, New York County, September 14, 1934.

*Leon A. Fischel*, for the plaintiff.

*Harry Minsky*, for the defendant.

LAUER, J. This is a motion to enforce an attorney's lien. The petitioner seeks to have a lien fixed for services rendered in an action which he claims was settled surreptitiously by his client, the plaintiff, and the defendant herein. The petitioner served the petition and notice thereof upon the attorney who appeared for the defendant in the action, who in turn appeared specially on the argument of this motion and contested the petitioner's claim on the ground that the service of the petition and notice thereof upon him was invalid as against the defendant in the former action.

The proceeding instituted by the petitioner is a " special proceeding." (*Matter of Podell*, 138 Misc. 6; 1 Carmody N. Y. Prac. § 234, p. 332.) Since the statute authorizing the proceeding does

not specify the particular manner in which the proceeding must be prosecuted, it should proceed according to the law and practice of the court in which it is instituted. (*Matter of Eno*, 111 Misc. 69.) Service must be made upon the party proceeded against in the same manner as in *Smith* v. *First National Bank of Albany* (103 Misc. 274). (See, also, Rules Civ. Prac. rule 21.) An examination of the papers on this motion fails to disclose any affidavit of service of the petition and notice thereof upon the defendant in the former action in person. The service upon the attorney for the defendant in the former action is insufficient. The motion is, therefore, dismissed, without prejudice to the petitioner to renew upon proper service.