FRANK J. CREGG, JR., as Trustee of JULIAN S. BROWN, Bankrupt, Respondent, v. CHARLES S. BROWN and CECIL C. BAILEY, as Successor Trustees under the Last Will and Testament of MARY L. BROWN, Deceased, Appellants, Impleaded with JULIAN S. BROWN, Defendant. MAURICE A. PHELPS and SIDNEY B. COULTER, Petitioners, Respondents.— Order affirmed, without costs of this appeal to any party. All concur, except Taylor, J., who dissents and votes for reversal and for a denial of the motion in the following memorandum: The court did not acquire jurisdiction of Brown. This is a special proceeding. (*Peri* v. *N. Y. C. R. R. Co.*, 152 N. Y. 521.) The service of the order should be made in the manner required for service of a summons. (Rules Civ. Prac. rule 21; *Smith* v. *First National Bank*, 103 Misc. 274; modfd. on another point, 184 App. Div. 719; *Enterberg* v. *Goodman*, 153 Misc. 205, 206; affd., 242 App. Div. 825.) The petitioners are not entitled to a charging lien upon income payable to Brown under the trust set up by his mother's will. (*Ekelman* v. *Marano*, 251 N. Y. 173, 176, and *Robinson* v. *Rogers*, 237 id. 467.) (The resettled order grants a motion to establish attorneys' liens upon the interest and fund due or to become due to defendant Julian S. Brown from the estate of Mary L. Brown.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ESTELLE CORRIGAN, Respondent, v. VILLAGE OF WELLSVILLE, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs, on the ground that there is no negligence or nuisance shown. All concur, except Harris, J., who dissents and votes for affirmance. (The judgment is for plaintiff in an action to recover damage to property caused by negligent work on street and sewer. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Construction of the Last Will and Testament of JANE A. PLUMB, Deceased.— Decree in so far as it adjudges that the bequest and devise to the Baptist Home of Monroe County failed reversed and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum, without costs of this appeal to any party. Decree in so far as it fixes allowances to the attorneys for the parties to this proceeding affirmed, without costs. Memorandum: From an examination of the will of the testatrix we conclude that it was her intention to devise and bequeath the property mentioned in paragraph second of the will to the Baptist Home of Monroe County, subject to the lapse of such devise and bequest in the event that the testatrix made application in writing for admittance to said home and the home refused to accept her. We so construe paragraph second of said will. We also find from the evidence that she made no such application for admission to the home and that the home did not refuse to accept her. Accordingly that part of the decree appealed from which construes the will is reversed and the matter remitted to the Surrogate's Court to proceed in accordance with this decision, without costs of this appeal to any of the parties. All concur. (The decree construes a will and grants allowances to attorneys.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.