Lawrence H. Cooke, J.
It appears that on March 2, 1964 Robert Raymond Anderson and Mary Anderson, husband and wife and referred to in papers submitted as defendant and plaintiff respectively, entered into a separation agreement. We are concerned here with a motion by the wife for “ a money judgment in favor of plaintiff and against defendant for the amount in arrears due and unpaid ’ ’ under said agreement, it appearing that no action or special proceeding has been instituted. It is undisputed that the moving motion papers were served by mail on the attorney who on behalf of ‘ ‘ defendant ’ ’ seeks denial of the motion.
Actions and special proceedings are independent applications to a court for relief and must be instituted by service of a summons or notice of petition (see CPLR 403, subd. [d]), thus acquiring jurisdiction over the person of the defendant or *917 respondent (CPLR 103, subd. [b]; 105 [d]; 304; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2211.02). A motion is an application for an order (CPLR 2211) and, generally speaking, seeks relief incidental to the primary relief sought in an action or a special proceeding (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 103.06). While a motion terminates in an order granting or denying the relief requested in whole or in part, an action and special proceeding both terminate in a judgment (CPLR 411, 5011; Wachtel, New York Practice Under the CPLR, pp. 149, 297).
While CPLR 103 (subd. [c]) provides that, if a court has obtained jurisdiction over the parties, a civil judicial proceeding (see CPLR 105, subd. [d]) shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution, here, it appears that jurisdiction has not been obtained over the person named as a defendant.
CPLR 3213 is not applicable since no summons has been served. (Cf. Matter of Jensen v. Jensen, 40 Misc 2d 641.)
Motion denied without prejudice to the institution of an action or special proceeding.