John T. Casey, J.
In a prior action in the Supreme Court, the plaintiff sought to have an irrevocable trust which she created declared a nullity on the grounds of fraud and misrepresentation. After trial of this action before the court, the plaintiff’s complaint was dismissed and the defendants’ attorneys were granted allowances in the amount of $7,233.84 payable out of the trust assets pursuant to CPLR 8303 (subd. [a], par. 4). The plaintiff appealed this judgment and the attorneys for the defendant bank cross-appealed, claiming the inadequacy of the allowances awarded.
The Appellate Division, Third Department (26 A. D 2d 746) affirmed so much of the trial court’s determination as.dismissed the complaint, but modified the judgment by striking the allowances for counsel fees, because the services rendered did not require construction of a trust and, thus, were not within the contemplation of CPLR 8303 (subd. [a], par. 4).
*442 The attorneys for the defendant bank moved for and were granted reargument on the question of counsel fees and allowances. The Appellate Division, however, adhered to its original decision, noting that: “As respects the fiduciary’s attorneys’ right to compensation, recourse must be had in the first instance at least to the provisions of Article VI of the trust agreement, and we clearly held that CPLR 8303 (subd. [a], par. 4) was inapplicable at this juncture.” (26 A D 2d 878.)
The plaintiff thereafter appealed the order affirming the dismissal of her complaint to the Court of Appeals which affirmed without opinion, on December 12, 1968 (23 N Y 2d 785).
Now, in this motion, commenced by affidavit served upon the plaintiff’s and the individual defendants’ attorneys on February 27, 1969 and submitted to this court at a Special Term for Sullivan County on March 14,1969, the attorneys for the defendant bank seek an order directing payment of counsel fees and allowances to them for services rendered in defense of the trust against the plaintiff’s attack in the prior action, and for the appeals incident thereto.
The determination of the appeal by the Court of Appeals finalized the original action and, thus, deprived this court of jurisdiction to entertain a motion granting counsel fees and allowances without the commencement of a new action or proceeding under CPLR 304, 403 (cf. Schenectady Trust Co. v. Emmons, 263 App. Div. 542). A motion is an application for an order (CPLR 2211) and generally seeks relief incidental to the primary relief sought in a pending action or special proceeding. Actions and special proceedings are independent applications to a court for relief and must be instituted by service of a summons or petition. (CPLR 403, subd. [d].) Jurisdiction over the person of the defendant or respondent is thus acquired. (CPLR 103, subd. [b]; 105, subd. [d]; 304; Anderson v. Anderson, 54 Misc 2d 916.) The answering affidavits submitted in response to this motion do not confer jurisdiction upon this court, since the affidavits do not constitute an answer, a notice of appearance, or a motion which has the effect of extending the time to answer. (CPLR 320.) Furthermore, even assuming that the answering affidavits were an appearance, the court lacks jurisdiction of an action or special proceeding begun by inappropriate process, and this jurisdictional defect could not be waived by an appearance. (Knauer v. Long Is. Airports Limousine Serv. Corp., 53 Misc 2d 1017.)
The attorneys here moving have served no summons or petition. They have brought no action for the construction of article VI of the trust agreement, nor commenced a plenary *443 action for attorneys’ fees. They have simply made a motion subsequent to final determination of the primary action for the allowances and attorneys’ fees claimed.
Since the attorneys sought to obtain the value of their services by motion procedure when the primary action was concluded, this court lacks the personal jurisdiction to entertain such motion, and the motion is denied, without prejudice to the institution of a proper action or proceeding for the relief sought.