WHITE v ZEFF

Docket No. 47306. Submitted March 3, 1981, at Detroit.—Decided
July 7, 1981.

Harold L. White brought an action in the Wayne Circuit Court
against A. Robert Zeff, Michael T. Materna and Zeff & Zeff
pursuant to GCR 1963, 908, which makes attorneys subject to
the jurisdiction of the circuit courts in claims brought against
them by clients. Plaintiff's complaint alleged that defendant
attorneys wrongfully possessed funds due him as part of the
proceeds of a personal injury judgment he won in New York
State. Plaintiff averred that he had an oral contract with
defendants in respect to compensation for their services in the
personal injury case and that they breached this contract by
retaining amounts in excess of that provided by the contract.
Plaintiff also sought the return of certain items relating to the
personal injury litigation which defendants retained in their
possession. Defendants moved for accelerated or summary judg-
ment on the grounds that the New York trial court had
entered an order awarding them attorney fees in the amount
retained. Thereafter, plaintiff filed a motion for summary judg-
ment for failure to state a valid defense and for the reasons
that, except as to damages, there was no genuine issue as to
any material fact. He also argued that the New York judgment
was invalid for lack of jurisdiction. The court, Roland L. Ol-
zark, J., granted summary judgment for defendants, apparently
holding that the New York judgment could not be attacked
collaterally. Plaintiff appeals. *Held:*

1. The trial court erred in holding that the New York
judgment was not subject to collateral attack. An action to fix
attorney fees in New York is a special proceeding requiring
personal service. Since the New York court did not acquire
personal jurisdiction over plaintiff, the court erred in summar-
ily dismissing plaintiff's cause of action.

2. The trial court erred in granting defendants' motion for

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 1230, 1254, 1260.
[2] 7 Am Jur 2d (Rev), Attorneys at Law § 306.
[3] 7 Am Jur 2d (Rev), Attorneys at Law §§ 319.

summary judgment with regard to their right to retain materials belonging to plaintiff. Defendants admit to having received at least as much as they were entitled to.

Reversed and remanded with instructions.

1. JUDGMENTS — FOREIGN JUDGMENTS — COLLATERAL ATTACK.

A foreign judgment is open to collateral attack on the grounds that the court lacked personal jurisdiction; where the validity of service resulting in judgment in another jurisdiction is in issue, the courts of this state may inquire into the circumstances of the service.

2. ACTIONS — ATTORNEY FEES — ATTORNEY AND CLIENT.

An action to fix attorney fees in New York is a special proceeding requiring personal service under New York law.

3. ATTORNEY AND CLIENT — ATTORNEY FEES — ATTORNEY'S LIENS.

An attorney possessing his client's property pursuant to a retaining lien under New York law has a right to retain possession only so long as the client owes him money for his service.

Harold L. White, *in propria persona.*

*Zeff & Zeff* (by *Michael Materna* and *Edward Grebs),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

## FACTS

PER CURIAM. Plaintiff instituted this action in the Wayne County Circuit Court pursuant to GCR 1963, 908, which makes attorneys subject to the "summary jurisdiction" of the circuit courts in claims brought against them by clients. Plaintiff's complaint alleged that defendant attorneys wrongfully possessed funds due him as part of the proceeds of a personal injury judgment he won in New York State. Plaintiff averred that he had an oral contract with defendants in respect to compensation for their services in the personal injury case and that they breached this contract by re-

taining amounts in excess of that provided by the contract. Plaintiff also sought the return of certain items relating to the personal injury litigation which defendants retained in their possession.

Defendants failed to file an answer to the complaint. Instead, they moved for accelerated or summary judgment on the grounds that the New York trial court had entered an order awarding them attorney fees in the amount retained. A hearing was held without resolution of the problem. Thereafter, plaintiff filed a motion for summary judgment based on GCR 1963, 117.2(2) and (3). Following a second hearing, the court granted defendants' motion for summary judgment. Plaintiff now appeals as of right.

According to plaintiff, he had initially retained an attorney in Buffalo, New York, named Richard McDonough to represent him in the personal injury case for a one-third contingency fee. Mr. McDonough became ill and was unable to handle the trial in the case. Consequently, plaintiff retained defendants to serve as trial counsel. The trial of the personal injury claim resulted in a judgment for plaintiff in the amount of $25,873.69 in September, 1977.

Following judgment, a dispute arose over the amount of defendants' fee. Plaintiff contends that defendants agreed to split one-third of the award with McDonough and that he was to receive the remaining two-thirds of the judgment. Defendants assert, however, that plaintiff entered into one written contract to split the judgment equally with his attorneys and another written contract permitting the firm of Zeff & Zeff to retain one-third of any judgment.[1] Thus, defendants contend that the

[1] Defendants have never produced any copies of the contracts

judgment was to be split one-half for plaintiff, one-third for them, and one-sixth for McDonough.

When plaintiff refused to sign the checks and closing statement allowing a 50% fee, defendants filed a motion in the New York trial court to determine the amount of compensation they were due. A hearing was held on June 19, 1978, at which plaintiff did not appear. The court determined that all counsel were entitled to share 50% of the proceeds. Zeff & Zeff admits it received $7,500.00.[2]

On July 20, 1979, a hearing was held on defendants' motion for summary or accelerated judgment. Plaintiff denied having been personally served with notice of the New York action, while defendant Materna claimed that a proof of personal sevice was on file in the New York case. The trial court adjourned the hearing without ruling on the motion and instructed the parties to "find out about the personal service".

On August 3, 1979, a hearing was held on plaintiff's motion for summary judgment. There, defendants admitted that plaintiff had not been personally served with notice of the attorney fee hearing in New York. Instead, plaintiff had merely been mailed notice of the hearing. Plaintiff denied learning anything about the New York hearing until it was a *fait accompli.* Not until December, 1978, was he served with a copy of the fee order. Nonetheless, the Wayne County court granted defendants' motion for accelerated or summary

allegedly existing between the parties. Although plaintiff has requested copies of the contracts, nothing in the record suggests that he has ever received them. Plaintiff continues to deny the contracts exist.

[2] This is slightly less than one-third of the award in plaintiff's favor. However, defendants do not argue that they are entitled to any additional fees for their services.

judgment. Although the basis of the trial court's ruling is unclear, it apparently believed that plaintiff was obligated to attack the judgment concerning the fee award in New York.[3]

## Analysis

The trial court erred in holding that plaintiff was obligated to attack the New York court's jurisdiction over him in New York. A foreign judgment is open to collateral attack on the grounds that the court lacked personal jurisdiction. *Milliken v Meyer,* 311 US 457, 462; 61 S Ct 339; 85 L Ed 278, 282; 132 ALR 1357 (1940), *Ohio Dep't of Taxation v Kleitch Brothers, Inc,* 357 Mich 504, 513; 98 NW2d 636 (1959), and cases cited therein. Where the validity of service resulting in judgment in another jurisdiction is in issue, the courts of this state may inquire into the circumstances of the service. *Smithman v Gray,* 203 Mich 317; 168 NW 998 (1918). The trial court should have determined the validity of the service in the New York proceeding.

New York law gives an attorney a lien upon his client's cause of action. McKinney, Judiciary Law, § 475, provides:

"From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they

---

[3] It appears that defendants' motion would be correctly denominated as one seeking accelerated judgment based on a prior judgment. GCR 1963, 116.1(5).

may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

Plaintiff contends the action to fix fees constituted a special proceeding requiring personal service under New York law to result in a valid judgment. See, McKinney, CPLR, §§ 103(b), 304, 403(c). Defendants, on the other hand, assert that application for an order fixing attorney fees is a mere interlocutory proceeding which does not require personal service, but, rather, allows service by mail as with any other motion. McKinney, CPLR, §§ 2103, 2211, 2214. An examination of relevant New York authorities clearly indicates that plaintiff's position is correct and defendants' view is erroneous. A proceeding for summary enforcement of a charging lien is a special proceeding and is in no sense a motion in the action. *Inter alia: Peri v New York Central & H R R Co,* 152 NY 521; 46 NE 849 (1897), *Smith v First National Bank of Albany,* 103 Misc 274; 170 NYS 127 (1918), *modified on other grounds,* 184 App Div 719; 172 NYS 595 (1918), *Entenberg v Goodman,* 153 Misc 205; 274 NYS 443 (1934), *aff'd sub nom Fischel v Goodman,* 242 App Div 825; 275 NYS 974 (1934), *Leis v Shaughnessy,* 219 NYS2d 104 (Sup Ct, 1961), *Kreindler v Irving Trust Co,* 60 Misc 2d 441; 303 NYS2d 421 (1969), NY Jur, *Attorney and Client,* § 144, p 568, 1 Carmody-Wait 2d, *Cyclopedia of New York Practice,* § 3:149, p 476. Since defendants did not obtain personal jurisdiction over plaintiff in the New York action to determine the amount of their charging lien, the trial court erred in summarily dismissing plaintiff's action.

Apart from the charging lien problem, plaintiff

averred that defendants continued to hold personal materials related to the injury claim which he wanted returned. Defendants did not respond to this allegation below. Pursuant to the law of New York, defendants would possess a retaining lien in these items only so long as plaintiff continued to owe them money for their services. *Goodrich v McDonald,* 112 NY 157; 19 NE 649 (1889), *Turzio v Ravenhall,* 34 Misc 2d 17; 227 NYS2d 103 (1962), *Mongitore v Murphy,* 42 App Div 2d 800; 346 NYS2d 420 (1973). In the instant case, defendants have received at least as much as they are entitled to for their efforts on plaintiff's behalf. As such, the trial court clearly erred in granting defendants' motion for summary disposition in respect to this claim. Indeed, plaintiff's motion for summary judgment should have been granted as concerns the retaining lien on either of the grounds advanced. GCR 1963, 117.2(2) and (3).

At the hearings below, the parties also argued over whether defendants could permissibly share in a contingency award of 50%. Plaintiff asserts that even had there been a contract to split a favorable judgment equally between himself and his attorneys, the agreement would be void as against public policy. In Michigan, a 50% contingency fee arrangement would result in a "clearly excessive" fee. See, GCR 1963, 928; Code of Professional Responsibility and Canons, DR 2-106(A). The parties agree that under New York law the one-half contingency fee would be legal. If this is an issue at the time of trial, the parties will have to present evidence on the question of whether New York or Michigan law applies to the setting of the fee.

Reversed and summary judgment is to be en-

tered on behalf of plaintiff on the retaining lien
question. Reversed for trial on the question of the
fees due defendants. Remanded for proceedings
consistent with this opinion. Plaintiff may tax
costs.