*299 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and tenant’s motion to be restored to possession denied.
Landlord commenced a nuisance holdover proceeding by notice of petition and petition dated December 4, 1998. When tenant failed to appear, landlord sought to have a default final judgment entered awarding it possession. After an inquest, the Civil Court (W. Guzman, J.), by order dated January 29, 1999, denied landlord’s application and dismissed the petition on the ground that the deed showed that someone other than landlord was the title owner. A motion by landlord for reargument, based on a claim that landlord was the lessor named in tenant’s lease, was subsequently denied.
By orders to show cause dated February 23, 1999 and March 22, 1999, tenant twice moved, in landlord’s .dismissed proceeding, to be restored to possession, alleging that landlord had locked her out. By order dated March 26, 1999, the Civil Court granted the second of these applications and ordered tenant restored to possession. Landlord appeals from this order.
We reverse. In a summary proceeding commenced by a landlord, the authority of the Civil Court to restore a tenant to possession is an incident of its power to vacate its own judgments and orders (CPLR 5015 [d]; 5523; Haebler v Myers, 132 NY 363; Iltit Assocs. v Sterner, 63 AD2d 600). Where, as here, the tenant is not removed pursuant to a judgment or order of the court, the court is without authority to direct the landlord to restore the tenant to possession (Tsafatinos v Jimenez, NYLJ, Feb. 9, 1999, at 32, col 2 [App Term, 2d & 11th Jud Dists]). The tenant’s remedy in these circumstances is to commence a proceeding pursuant to RPAPL 713 (10) to be restored.
The motion by tenant to be restored cannot be deemed a proceeding pursuant to RPAPL 713 (10). The mandate of CPLR 103 (c) that a proceeding brought in an improper form not be dismissed but be allowed to proceed in a proper form is applicable only where the “court has obtained jurisdiction over the parties” (Matter of Lipinski v County of Broome, 175 AD2d 369). Here, a notice of petition was not served upon landlord, and jurisdiction over it was not obtained (see, Kreindler v Irving Trust Co., 60 Misc 2d 441; see generally, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 103.06). In the absence of such jurisdic *300 tion, the court was without authority to direct landlord to restore tenant to possession.
Kassoff, P. J., Scholnick and Aronin, JJ., concur.