OPINION OF THE COURT
Gary F. Marton, J.
Respondent alleges that petitioner illegally locked her out of her apartment. She moves to be restored to possession and for an award of money damages. The motion is denied.
Background
Initially, this was a proceeding for nonpayment of rent. However, by a two-attorney stipulation the parties agreed to convert the lawsuit to a holdover. The stipulation, which was “so ordered” by the court, provided that respondent would vacate by October 11, 2012 and that petitioner would waive all rent arrears and use and occupancy.
Respondent did not move out by the deadline. Petitioner had a marshal’s notice of eviction served. The parties moved and cross-moved for relief. By a decision and order dated December 19, 2012 the court (Fitzpatrick, J.) stayed execution of the warrant through December 31, 2012.
Now respondent alleges that petitioner illegally evicted her by changing the locks to the premises on January 23, 2013. She moves to be restored to possession and for treble damages pursuant to RPAPL 853.
Discussion
Respondent was not evicted by a marshal pursuant to a judgment or an order. Accordingly, she may not be restored to possession by a motion made in a proceeding commenced by petitioner. Instead, she must commence her own proceeding. As the court held in Ric-Mar Equity Ventures v Murrell (184 Misc 2d 298, 299 [App Term, 2d Dept 2000]):
*219 “In a summary proceeding commenced by a landlord, the authority of the Civil Court to restore a tenant to possession is an incident of its power to vacate its own judgments and orders (CPLR 5015 [d]; 5523; Haebler v Myers, 132 NY 363; Iltit Assocs. v Sterner, 63 AD2d 600). Where, as here, the tenant is not removed pursuant to a judgment or order of the court, the court is without authority to direct the landlord to restore the tenant to possession (Tsafatinos v Jimenez, NYLJ, Feb. 9, 1999, at 32, col 2 [App Term, 2d & 11th Jud Dists]). The tenant’s remedy in these circumstances is to commence a proceeding pursuant to RPAPL 713 (10) to be restored.”
Respondent contends that to deny relief here on this ground exalts form over substance. However, a motion
“cannot be deemed a proceeding pursuant to RPAPL 713 (10). The mandate of CPLR 103 (c) that a proceeding brought in an improper form not be dismissed but be allowed to proceed in a proper form is applicable only where the ‘court has obtained jurisdiction over the parties’ (Matter of Lipinski v County of Broome, 175 AD2d 369). Here, a notice of petition was not served upon landlord, and jurisdiction over it was not obtained (see, Kreindler v Irving Trust Co., 60 Misc 2d 441; see generally, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 103.06). In the absence of such jurisdiction, the court was without authority to direct landlord to restore tenant to possession.” (Ric-Mar at 299-300.)*
Neither does this court have the subject matter jurisdiction necessary to entertain respondent’s claim for treble damages under RPAPL 853. *220 v Silberstein, 269 AD2d 445 [2000]; A & E Tiebout Realty, LLC v Johnson, 26 Misc 3d 131[A], 2010 NY Slip Op 50055[U] [2010], affg for reasons stated at 23 Misc 3d 1112 [A], 2009 NY Slip Op 50715[U], *4 [2009]).” (Rostant v Swersky, 79 AD3d 456, 457 [1st Dept 2010].)
*219 “[I]n a summary proceeding to restore possession brought pursuant to RPAPL article 7, the court does not have jurisdiction over a cause of action for damages, including damages pursuant to RPAPL 853 (Kiryankova v Brovkina, 2003 NY Slip Op 50920[U], *2-3 [2003]; see also Matter of Bedford Gardens Co.

 Although not material here, the court notes that to be restored to possession respondent would have to demonstrate a right to possession. (Brown v 165 Conover Assoc., 5 Misc 3d 128[A], 2004 NY Slip Op 51244[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004].) In light of the terms of the two-attorney stipulation and of the decision and order dated December 19, 2012 it is not apparent how she might do that.